ELLA M. HAYNES, Appellant, v. CATHARINE M. SHERMAN et al., Respondents.

S. died leaving his wife and six children, three of them minors, him surviving. By his will he devised and bequeathed all his property to his wife in trust, to use so much of the income and principal as she might deem necessary for the support of herself and children until the "youngest child now living shall arrive at the age of twenty-one years or would arrive at that age if living." At that time a division of the estate among the testator's "legal heirs then living" was directed the same as if the testator had died intestate. The widow was appointed executrix with authority to sell the real estate. In an action for partition of the real estate, *held*, that the discretion vested in the widow was not personal, but one to be exercised by her as trustee; that the will sought to create but one trust, which was not limited upon the life of the widow, but was to continue until the date when the youngest child would, if living, arrive of age; that, therefore, it was violative of the statute against perpetuities, and so void; and that the testator's estate passed as if he had died intestate.

*It seems* where a will contains separate trusts or various limitations of estates, not dependent upon each other or essentially connected, some of which are legal and some illegal, the illegal portions may be stricken out and the other portions permitted to stand in order to carry out the testator's intention.

In determining the validity of limitations of estates under the Revised Statutes (1 R. S. 723, § 15; Id. 773, § 1), it is not sufficient that the estates attempted to be created may, by the happening of subsequent events, be terminated within the prescribed period, if such events might so happen that such estates might extend beyond such period; they must be so limited that in every possible contingency they will absolutely terminate within such period.

Also, *held*, that while, as the power of sale conferred upon the widow was absolute, it cannot be said the power to alienate the real estate was suspended, yet as the proceeds, whether regarded as realty or personalty, are tied up by the trust in violation of the statutes, such power did not save the will from condemnation.

Also, *held*, that as the estate vested upon the testator's death, not in his children but in the widow as trustee, and at the termination of the trust what remained was to vest in the testator's legal heirs then living, there were no persons in being at his death, assuming the trust to be valid, who could convey an absolute title to the estate.

*Haynes . Sherman* (51 Hun, 585) reversed.

(Argued October 30, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 11, 1889, which reversed a judgment adjudging the last will and testament of Elijah T. Sherman, deceased, void, entered upon a decision of the court on trial without a jury, and directed a new trial.

This was an action for the partition of real property brought by one of the heirs-at-law of Elijah T. Sherman, deceased.

The material facts are stated in the opinion.

*Abel E. Blackmar* for appellant. The will creates an express trust. (R. S. 728, § 55, subd. 3; Id. 730, §§ 63–65; *Leggett* v. *Perkins*, 2 Comst. 297; *Ward* v. *Ward*, 105 N. Y. 68; *Gilman* v. *Reddington*, 24 id. 1; *Gladding* v. *Follett*, 2 Dem. 58; 95 N. Y. 652; *Doyle* v. *Mulvihill*, 16 Week. Dig. 361; *Van Schuyver* v. *Mulford*, 59 N. Y. 426.) The trust is void for unduly suspending the power of alienation.

(*Hone* v. *Van Schaick*, 20 Wend. 564·; *Killam* v. *Allen*, 52 Barb. 605 ; *Boynton* v. *Hoyt*, 1 Denio, 53 ; *Beekman* v. *Bonsor*, 23 N. Y. 298 ; *Garvey* v. *McDevitt*, 72 id. 556.) The words in the will " or would arrive at that age if living " cannot be disregarded for the purpose of sustaining the trust for a different term than that fixed by the testator. (*Crooke* v. *County of Kings*, 97 N. Y. 421 ; *Van Nostrand* v. *Moore*, 52 id. 12 ; *Taylor* v. *Biddall*, 2 Mod. 289 ; *Stanley* v. *Stanley*, 16 Ves. 491 ; *Hawley* v. *James*, 16 Wend. 61 ; *Coster* v. *Lorillard*, 14 id. 265 ; *Jennings* v. *Jennings*, 7 N. Y. 547 ; ·*Knox* v. *Jones*, 47 id. 389 ; *Ward* v. *Ward*, 105 id. 68:) As the trust estate is void the whole devise must fall. (*Knox* v. *Jones*, 47 N. Y. 389 ; *Jennings* v. *Jennings*, 7 id. 547 ; *Van Nostrand* v. *Moore*, 52 id. 12 ; *Curtis* v. *Lukin*, 5 Beav. 147 ; *Festing* v. *Allen*, 12 M. & W. 279 ; *Holmes* v. *Prescott*, 33 L. J. Eq. 264 ; *Duffield* v. *Duffield*, 3 Bligh [N. R.] 260 ; R. S. 723, § 13 ; *Delaney* v. *McCormack*, 88 N. Y. 174.) The supplementary trust or power in trust to use the principal in addition to the income for the purposes described does not render the estate alienable. (*Hawley* v. *James*, 16 Wend. 121 ; *Killam* v. *Allen*, 52 Barb. 605 ; *Terry* v. *Wiggins*, 47 N. Y. 512 ; R. S. 732, §§ 81, 94.) The discretion conferred on the widow is not a personal discretion, but rests on facts judicially ascertainable. (*Hull* v. *Hull*, 24 N. Y. 647 ; *Leggett* v. *Hunter*, 19 id. 445 ; *Rogers* v. *Rogers*, 111 id. 228 ; 2 Story's Eq. Jur. § 1061 ; *Brown* v. *Higgs*, 4 Ves. 708 ; 5 id. 495 ; *Burroughs* v. *Philcox*, 5 Myl. & Cr. 72.) The power of sale does not cure a void trust. (*Belmont* v. *O'Brien*, 12 N. Y. 395 ; *McSorley* v. *Wilson*, 4 Sandf. Ch. 515 ; *Amory* v. *Lord*, 5 Seld. 403.)

*S. P. Nash* for respondent. Assuming that, by a certain construction of the will, it may be considered as unlawfully suspending the power of alienation, the clause which is supposed to have that effect may be excluded from the will without disturbing its general scheme. (*Tiers* v. *Tiers*, 98 N. Y. 568, 573 ; *Henderson* v. *Henderson*, 113 id. 9.) The widow

has full power to use the principal of the estate, and has full power of sale ; such disposition confers a fee. (*Campbell* v. *Beaumont*, 91 N. Y. 464 ; *Wager* v. *Wager*, 96 id. 164 ; *Crain* v. *Wright*, 114 id. 307.) There is no suspension of the power of alienation. (*Beardsley* v. *Hotchkiss*, 96 N.Y. 201 ; *Henderson* v. *Henderson*, 113 id. 9.)

EARL, J. Elijah T. Sherman died in the city of New York in October, 1886, leaving his wife and six children, him surviving, three of them minors, and leaving a will in which he disposed of his estate as follows : " After paying my just debts I give, devise and bequeath all my estate, real and personal and mixed, and wherever situate, to my wife Catharine M. Sherman, in trust, nevertheless, to have and to hold the same and use so much of the income and principal as she may deem necessary for her support and the support of our children, until our youngest child now living shall arrive at the age of twenty-one years or would arrive at that age if living, and at that time I order and direct my said estate to be divided among my legal heirs then living in such manner and proportion as they and each of them would be entitled under the laws of the state of New York if I had died intestate." And he appointed his wife sole executrix and empowered her to sell and convey all or any portion of his estate at such prices and upon such terms as she might elect.

The plaintiff contends that this disposition of his estate by the testator is invalid because it offends against the statutes which prohibit perpetuities, and that, therefore, the estate has passed as if he had died intestate ; and we are of that opinion. The youngest child of the testator living at the date of his will was born December 10, 1872, and will not, therefore, attain the age of twenty-one years until the 10th day of December, 1893.

The defendants contend that the words " or would arrive at that age, if living, " may be disregarded, and that the trust would be simply for the minority of the youngest child, would terminate at his death if he died before twenty-one, and hence that it could not extend beyond his life, and is, therefore,

valid.   When a will contains separate trusts, some of which
are legal and some illegal, or various limitations of estates not
dependent upon each other or essentially connected, some of
which are legal and some illegal, the illegal portions may be
stricken out and the other portions permitted to stand; and
the books are full of illustrations of such cases.   The courts
will strive to uphold so much of a will as they can without
frustrating the main intention of the testator or violating any
rule of law.   Here it is clear that the testator meant that the
trust should last, not only during the life of his grandchild
if he should die before twenty-one, but until the time he would
reach twenty-one if living.   It is the same as if he had in
terms created a trust to last until the 10th day of December,
1893.   It was then, and not till then, that he meant his estate
should be divided among his legal heirs living at that time.
There are not two trust terms, but one, and there is but one
trust, and hence no part of the trust term can be cut off and
no part of the trust can be disregarded for the purpose of
rendering the remainder of the term and trust valid.   It
matters not that the youngest child might live until he should
be twenty-one.   He might not live so long, and that is enough
to condemn the trust.   In determining the validity of limita-
tions of estates under the Revised Statutes (1 R. S. 723, § 15;
Id. 773, § 1), as said by GROVER, J., in *Schettler* v. *Smith* (41
N. Y. 328), "It is not sufficient that the estates attempted to
be created may, by the happening of subsequent events, be
terminated within the prescribed period if such events might
so happen that such estates might extend beyond such period.
In other words, to render such future estates valid, they must
be so limited that in every possible contingency they will
absolutely terminate at such period, or such estates will be
held void."

It cannot be well said that this trust was limited upon the
life of the widow and to terminate at her death.   It is doubt-
less true that the testator expected that his wife would live
to the termination of the trust.   But the trust was for the
benefit of his children as well as his wife, and they have

an interest in its execution. It was to continue until the division of the estate, and that was not to take place until December 10, 1893. If the widow should die before that date, the trust, if valid, would devolve upon the court, and it could appoint another trustee. The trust was not so far personal that it would dissappear with the death of the widow. The discretion vested in her was not a personal discretion, but one to be exercised by her as trustee, which could, therefore, be devolved upon her successor to be appointed by the court. (*Hull* v. *Hull*, 24 N. Y. 647; *Rogers* v. *Rogers*, 111 id. 228.)

It is contended further, on the part of the defendants, that, as the widow has full power to use so much of the principal of the estate as she might deem necessary for the support of herself and children, and as she has full power of sale, the testator meant her to have dominion of the entire estate, and that her children should take what she did not use, and that such disposition confers upon her a fee; and the cases of *Beaumont* v. *Beaumont* (91 N. Y. 464); *Wager* v. *Wager* (96 id. 164) and *Crane* v. *Wright* (114 id. 307) are cited to uphold this contention. These cases, as well as certain provisions of the Revised Statutes (1 R. S. 733, §§ 81–83), would have been controlling if the testator had given his widow the absolute power to dispose of the estate for her sole benefit. But she was not solely interested in the estate. She was a trustee and was clothed with a power for the benefit of others as well as herself, and, therefore, she took no greater or other estate under the will than its terms gave her.

As there was here an absolute power of sale conferred upon the widow, it cannot be said that the power to alienate the real estate was suspended. But the proceeds of the sales of the real estate, whether regarded as realty or personalty, would be tied up by the trust, in violation of the provisions of the Revised Statutes first-above referred to, and hence the power of sale does not save the provisions of the will from condemnation.

This estate did not vest in the testator's children at his death. It vested in the widow as trustee, and at the termina-

tion of the trust period what remained of it was to vest in the testator's legal heirs then living as if he had then died intestate. There were, therefore, no persons in being at the death of the testator, assuming the trust to be valid, who could convey an absolute title to the estate. The trust stood in the way of such a conveyance as well as the impossibility of determining who would take the estate after it passed from under the trust.

We are, therefore, brought to the conclusion that the judgment of the General Term should be reversed and that of the Special Term affirmed, and that the costs of all parties upon the appeal to the General Term and in this court should be paid out of the estate.

All concur.

Judgment reversed.