In the Matter of the Judicial Settlement of the Estate of JOHN SNYDER, Deceased.

*(Surrogate's Court, Columbia County, Filed November 28, 1891.)*

1. WILL—CONSTRUCTION.

   Testator, by his will, made a complete division of his property. By a codicil he gave to his wife and two daughters certain real and personal property in trust to continue his business for three years from his death, or, in their discretion, for five years. He gave authority to use part of the trust fund to pay the specific legacies, gave instructions as to the management of the business, and for distribution at the termination of the trust, and then authorized his wife "to collect all my interest money and rentals of my property during her lifetime, or until the estate is finally settled, and apply the same to her own use." The personal estate not embraced in the trust was insufficient to pay the legacies. *Held,* that the last provision of the codicil referred to the income and rentals of the trust estate, and did not authorize the widow to take the interest and rentals of the estate not placed in trust.

2. SAME—TRUST.

   The trust attempted to be created by the codicil was void, because limited by a period of years, and not upon lives.

Judicial settlement of the accounts of the executrices and executors under the last will and testament of John Snyder, deceased.

G. S. Collier, for Mercy Snyder, Lillie E. Gillett and Jennie A. Lent, executrices, and James M. Gillett, executor, and Mercy Snyder, as widow of deceased; A. Frank B. Chace, for trustees; E. R. Harder, for James E. Snyder, one of the executors, and a legatee and devisee under the will of said deceased; Burgess Speed, special guardian for infant legatees.

COLLIER, S.—The settlement of the accounts in this matter involves the construction of the last will and testament, and codicil thereto, of the said deceased. A proper and legal construction must first be determined upon and settled before any decree can be made for settlement.

John Snyder died on or about the 4th day of July, 1889. He
left a last will and testament, which bears date December 30,
1885. He made and executed a codicil to said will, which bears
date the 12th day of May, 1889. The will and codicil were
proven and admitted to probate by the surrogate on the 11th
day of July, 1889, and letters testamentary thereon were issued
to Mercy Snyder, Lillie E. Gillett, Jennie A. Lent, James M.
Gillett and James E. Snyder, the executrices and executors
therein nominated and appointed. By the will of said de-
ceased, dated December 30, 1885, the testator, after making pro-
vision for a monument, by the third clause of said will gave
and bequeathed to his wife, Mercy Snyder, the sum of $12,000
in cash, and devised to her absolutely his private residence in
Valatie, in the town of Kinderhook, and all the lands belonging
thereto, containing about eight acres, and also all the personal
property attached thereto, such as household furniture, carpets,
beds and bedding, horses, carriages, sleighs, robes, harness, and
all the personal property of every description in and about his
private residence, and this provision for his wife, in and by the
fourth clause of said will, is declared to be in lieu of her right
of dower.

By the fifth, six and seventh clauses of his will he gives and
bequeathes to each of his three children the sum of $8,000, and
by the eighth clause states that his children and his wife are to
have the above sums in cash as soon as practical after his decease.
By the ninth clause of his will the balance of his personal prop-
erty and real estate is to be appraised, and he directs that it shall
be divided equally between his three children, and by the tenth
clause he gives to each of his grandchildren $400, *to be taken
out of the real estate before it is divided.*

In this plain and simple manner he disposed of his whole
estate by his will. But some time after making his will, and on
May 12, 1889, the testator made a codicil to said will, and after
reciting the fact of the making of said will, and the fact that
in and by it he had given and bequeathed the balance of his per-
sonal property and real estate as stated in the ninth clause of

said will, and directing that the codicil should be taken as a part thereof, he proceeds in substance as follows: "To order and declare, give, devise and bequeath to his wife, Mercy Snyder, and his daughters, Lillie E. Gillett and Jennie A. Snyder (now Jennie A. Lent), in trust for the uses and purposes hereinafter named," certain real estate, describing it, then in use in his business of manufacture and sale of tinware, rags, junk, iron, glass, etc., and certain other real estate, describing or designating it, also gives, devises and bequeaths to his said trustees, in trust, as aforesaid, for the uses hereinafter mentioned, all his horses, carts, wagons, harness, sleighs, goods, chattels, credits and merchandise, which then was, or shall be in use as a part of the business conducted by him, and also that of the moneys on deposit to his credit, the sum of $3,000 be taken by his trustee or trustees, and used by her or them for the uses and purposes hereinafter mentioned, and as a part of the trust created by this codicil; and directs his trustee or trustees to use the property mentioned for the purpose of carrying on the business of the manufacture and sale of tinware, rags, junk, iron, glass, etc., as then conducted by him, for the term of three years from and after his death, or, if in the discretion of his trustees it may be deemed advisable for the best interests of his estate, such business and such trust may be continued until the expiration of five years after his decease; and directs that his wife, Mercy Snyder (one of said trustees named), shall act as sole trustee, with power to sign all checks until the termination of the trust, or until her decease, but in the event of her death before the termination of the trust, then, and in that event, his daughters (the other trustees named) shall act as trustees until the termination thereof, and directs and orders that the property therein mentioned should, upon his decease, be set apart from the residue of his estate for the purpose of carrying on such trust, and his trustees are directed to use no part of his property other than the property therein devised in connection with such business. That all other property of which he might die seized or possessed should be kept separate and apart from such trust

estate, and should vest upon his decease in the legatees named in his said will and testament as therein provided.

Upon the termination of the trust, the trust estate should be disposed of for the payment of any unpaid legacies given by his last will and testament, and the residue and remainder be divided equally between his son, James E. Snyder, and his daughters Lillie E. Gillett and Jennie A. Snyder, now Jennie A. Lent.

And the testator in this same clause of the codicil directs his trustees, in their discretion, to use from his trust estate, before the termination of the trust, such sums of money as they may deem advisable for the payment of the specific legacies given by his will, and the said legacies for which there is not sufficient property outside of such trust estate to pay shall, in the option of the trustees, not be payable until the termination of the trust, and then, following in the same clause, directs his trustees to employ Thomas Garrigan as superintendent of the business created by the trust, and James M. Gillette as assistant, at certain salaries during the period of such trust. Directs that an inventory of the property covered by the trust be made at least once each year, and delivered to his wife. And then, following right on, in this same clause the testator says: "I further authorize and empower my said wife as aforesaid to collect all my interest money and rentals of my property during her lifetime or until the estate is finally settled, and apply the same to her own use." Such now are the provisions of the will and codicil which, taken together, stands as the last will and testament of said deceased.

By the account filed it appears that the estate, outside of the property and money so given in trust, amounted to about the sum of $23,678.51, besides certain real estate not given in trust.

And it is claimed by the widow that under the will and codicil she is entitled to the whole income of the estate until the trust estate is finally settled.

And by James E. Snyder that she is only entitled to income and rental until the estate in the hands of the executors should have been finally settled by law. The trustees claim that the

widow is entitled to the income and rental of the property so placed in trust during her life, but not exceeding the time limited by the trust; all claiming under that clause in said codicil wherein he authorizes and empowers his wife to collect all of his interest moneys and rentals of his property during her lifetime or until the estate is finally settled, and apply the same to her own use.

Now, leaving the question of the validity of the trust out of question, in order to get at the intent and meaning of the clause, we must assume that the testator by his codicil intended to create a valid trust. What the intention of the testator was must be gathered from the will and codicil, and the language used should be so construed as to give effect to the intention of the testator as gathered from the whole will and codicil taken as one instrument.

Now by the will the testator disposed of his whole estate, without any conditions or limitations, except that certain legacies given to his grandchildren were to be taken out of the real estate before it should be divided. At the time this codicil was made the testator had by his will devised to his wife certain real estate and bequeathed to her $12,000, which he declared to be in lieu of dower, and to each of his three children $8,000, and that they were to have the same in cash as soon as practicable after his death. And but for this trust created by the codicil there would have been more than sufficient personal estate to pay all the legacies; and by the ninth clause of his will he directed that the balance of his personal estate should be appraised and equally divided between his three children.

By the codicil he takes or carves out of this real estate certain parcels thereof, and takes out of his personal estate certain personal property and money, and gives, devises and bequeathes the same to his wife and two daughters (all living at the time of his decease), in trust for carrying on the business he, the testator, had during his lifetime successfully conducted. This appears to have been the sole purpose and aim of the testator, and his intention was that the balance of his personal estate should be

applied in payment of the legacies to his wife and children as directed in and by his will, and that the balance of the real estate not placed in trust should go as directed by said will equally to his three children, and that the personal estate not placed in trust should, by his executrices and executors, be applied in the proper and legal course of administration to the payment of his debts and said legacies given by said will.

By the codicil he directs that the trust property shall be set apart from the residue of his estate, and that all other property of which he might die seized or possessed should be kept separate and apart and should vest upon his decease in the legatees named in his said will, as therein provided, clearly showing that he intended that the balance of his property not placed in trust should not be affected by the provisions of the codicil, but plainly indicating his intention that it should pass under the will and be distributed under the provisions of said will, and this is further indicated by the further provisions of the codicil for the payment of unpaid legacies given by his will, and the discretionary power given to the trustees to pay out of the trust estate such sums of money for the payment of such specific legacies given by his will for the payment of which there should not be sufficient property outside of such trust estate to pay the same.

It will be noticed that by the provisions of the codicil creating the trust, the testator, though naming three trustees, uses the language my beloved wife, Mercy Snyder, shall act as sole trustee herein, makes no provision for compensation for her or for the trustees for carrying on the business, and makes no disposition of the income and rentals from the trust property, unless this clause in question, to wit:

"I further authorize and empower my wife aforesaid to collect all my interest moneys and rentals of my property during her life or until the estate is finally settled and apply the same to her own use" refers to such trust income from the business to be carried on and the rentals of the real estate devised in trust, but not in direct use in carrying on the business. This codicil, though ratifying and confirming the provisions of his will as to

all property not placed in trust, clearly relates to the creation, management and disposition of this trust estate, and this language above quoted, following the provisions for the management and disposition of the trust estate, clearly seems to relate to the income and rentals from such trust estate. To say that under this clause the widow was entitled to the interest money and rentals of the estate not placed in trust during her life or until the final settlement of the trust estate, would be entirely inconsistent with the provisions and directions of the will, ratified and confirmed as they are by the codicil. The whole intention of the testator, as expressed in this codicil is, that the personal estate not placed in trust should be applied to the payment of the legacies, given and bequeathed in and by his will, to his widow and three children, and in the manner directed by his will, and that each of his children and his wife should have the sums given to them in cash as soon as practical after his death; that it should vest, as stated in the codicil, in the legatees named in his will upon his decease, as therein provided. And the provision also in said codicil for the payment of the legacies for which there should not be sufficient property outside of such trust estate to pay, clearly shows that the testator had no intention of tying up the estate not placed in trust till any final settlement of his estate, by any provision that his wife should collect all interest moneys and rentals during her life, or until the estate is finally settled, and apply the same to her own use. I am strongly of the opinion that it was intended to refer to, and does refer to, the income and rentals from the trust estate, and that his widow, Mrs. Snyder, would be entitled to the same if the trust was valid, and that the testator did not intend to give, and the language used should not be so construed as to give, the widow the interest money or any rental of any property outside of the trust estate, except that she would be entitled to interest on her legacy of $12,000, bequeathed to her by the will.

It appears from the account that there was some $18,787 in personal property and $3,000 in cash, besides certain real estate of considerable value, given and devised by the codicil in trust.

This is not accounted for by the executrices or executors, except in a general way by stating that it was set apart, under the provisions of the will of said John Snyder, for continuing the business carried on by the testator at his decease.    It is claimed that all this personal estate should be accounted for by the executors at this time and distribution of the same should now be made, for the reason that the trust created by the codicil is void. That there is an illegal suspension of the absolute ownership of the property so given in trust, as it is not limited upon a life or upon two lives in being at the death of the testator, but upon a definite period of time.    This question arises on this accounting, and must be determined and settled before any proper disposition or distribution of the personal estate left by the testator at the time of his death can be properly made.    For if the trust is void, then all of the personal estate of the deceased, including all of the personal property attempted to be given in trust, should now be accounted for, and distribution thereof made as directed by the will of said deceased.

By the terms of the codicil certain personal property amounting to about $18,787 and $3,000 in cash is given to Mercy Snyder, Lillie E. Gillett and Jennie A. Snyder in trust, and he directs his trustee or trustees to use the property for the purpose of carrying on the business of the manufacture and sale of tinware, rags, junk, iron, glass, etc., as then conducted by the testator, for the term of three years from and after his decease, or if in the discretion of his trustees it might be deemed advisable for the best interest of his estate, such business and such trut may continue until the expiration of five years after his decease.

No provision is made for the termination of the trust short of three years from the day of the death of the testator, and after three years it is left discretionary with the trustees to continue it until the expiration of five years.    Clearly a trust is created by this codicil by which the possession of personal property and the legal estate therein would be vested in the trustees during the continuance of the trust, and the absolute

ownership of personal property be suspended within the meaning of the statute. The trust is absolutely and unconditionally for a period of three years, and is not founded on lives. Not upon the life of his widow, or any one, nor upon the lives of any two persons in being at the time of the death of the testator. The codicil creates but one trust, and that is for a definite period, three years. No part can be cut off, and no part disregarded for the purpose of rendering the trust valid for any purpose, or for the life of the widow, or any other person. Haynes v. Sherman, 117 N. Y. 433, 27 St. Rep. 254; Schettler v. Smith, 41 N. Y. 328; Underwood v. Curtis, 40 St. Rep. 255. As is said by Coffin, surrogate, in Will of Underhill, 6 Dem., at page 469: "To render such suspension valid, it must be limited on a life or lives. It is difficult to conceive how a limitation of three years may not be longer than until the termination of the lives of any two beings in existence at the death of the testator. To render such future estates valid, they must be so limited that, in every possible contingency, they will absolutely terminate at such period, or they will be held void." It must now be considered as settled by the authorities of this State that a trust of real or personal property for a definite term of years, not founded on lives, will not satisfy the statute, and is void.

The trust created by this codicil, in so far as it relates to the personal estate of the testator, must be and is declared void, and the personal estate so attempted to be placed in trust must be disposed of and accounted for by the executors and executrices under the will of said testator. And as such personal estate has been used and employed in the business carried on by the testator at the time of his decease, all income and profit, if any, should be accounted for, in order that a proper distribution thereof may be made. A decree should now be made for distribution of the money and property mentioned and accounted for in and by the account filed, and for the application thereof (after the proper deductions for commissions and payments of the costs of this accounting up to this date), to the payment of

13

the legacies given in and by the will of said deceased, to the widow and three children of the deceased, and upon the entry of the said decree this matter should be adjourned to some future time, and the executrices and executors ordered and directed to proceed with due diligence in the meantime and dispose of the merchandise undisposed of, personal property so attempted to be placed in trust, except said $3,000 cash, which should be included in the present disposition.