ELIZA BIRD and Others, Appellants, *v.* SAMUEL PICKFORD and Others, Respondents.

*Illegal suspension of the power of alienation for more than two lives in being.*

A will gave the residue of the estate, real and personal, to the executors in trust to keep invested and to divide the income between a daughter and two cousins, the survivors or survivor of them during their lives, and then, in the event of the two cousins dying before the daughter, gave the corpus of the trust estate to the daughter absolutely, but in the event of her dying before the two cousins, gave the corpus to such person as she might designate by will. The three persons named survived the testator.

*Held,* that the trust was invalid, for the reason that under its provisions the absolute power of alienation might be suspended for more than two lives in being at the death of the testator, it being the evident purpose of the testator that if the cousins survived the daughter and the latter made no disposition of the estate, the cousins should still have an estate for life therein.

APPEAL by the plaintiffs, Eliza Bird and others, from a judgment of the Supreme Court, entered in the office of the clerk of Kings county on the 11th day of July, 1893, on a decision of the court, rendered after a trial by the court at the Kings County Special Term.

The action was brought to obtain a construction of the provisions of the residuary clauses of the will of William Baltz, deceased.

*Jehiel T. Hurd,* for the appellants.

*John R. Tresidder,* for the respondents.

BARNARD, P. J.:

The residuary clauses contained in the will and codicil of William Baltz, deceased, are as follows:

" *Thirdly.* I give and devise all the rest of my estate, real and personal, to my executors hereinafter named, in trust nevertheless, to invest and keep the same invested, and divide the net income arising therefrom equally among my said daughter-in-law, Ophelioe Baltz, and my said cousins, Rachel and Addie Van Gilder, the survivors or survivor of them, during their natural lives.

" *Fourthly.* If my said cousins, Rachel and Addie Van Gilder, should die before my said daughter-in-law, Ophelioe Baltz, then, and in that event, I give and devise the corpus of said trust estate to the said Ophelioe, her heirs and assigns, forever. But if my said daughter-in-law, Ophelioe Baltz, should die before my said cousins, Rachel and Addie Van Gilder, then, and in that event, I give and devise the corpus of said trust estate to such person or persons as my said daughter-in-law, Ophelioe Baltz, may designate in her last will and testament."

The three persons named in these clauses all survived the testator, and the question presented is whether there is an illegal suspension of the power of alienation created by these clauses. It seems clear that the absolute power of alienation · may be suspended for more than two lives in being at the death of testator. If Ophelioe Baltz die first and leave no will, the estate would still continue in trust during the lives of Rachel C. Van Gilder and her sister, Addie E. Van Gilder. The only escape from that conclusion is to hold that if Ophelioe die first, and without exercising the power of appointment, that the interest of the Van Gilder sisters ceases, and the estate

at once, upon Ophelioe's death, goes to the testator's heirs at law, as in case of intestacy. This would defeat the purpose of the will, which was to give the income of the trust fund to the three legatees or survivor of them, during their natural lives. It was not within the purpose of the testator to divide the estate when Ophelioe died, whether she made a will disposing of the body of the trust fund or not. A valid trust must be so drawn that in every possible contingency or it will absolutely terminate within the prescribed period of two lives. (_Schettler_ v. _Smith_, 41 N. Y. 328; _Haynes_ v. _Sherman_, 117 id. 433.)

If the scheme of the will in question is carried out, there may be an illegal suspension if Ophelioe die first and leave a will. The income would go to the Van Gilder sisters and to the survivor during their lives, and it would be only after the death of the last of the three lives that the property could be divided.

The trustees would hold the fund until the last of the three lives had passed away.

The judgment should be reversed, and judgment ordered that the clauses in question create an illegal suspension, and that the fund go to the next of kin and heirs at law, as in cases of intestacy.

DYKMAN, J., concurred.

Judgment reversed, and judgment ordered that distribution be made as claimed in complaint, with costs to parties out of estate.