(6 Misc. Rep. 377.)

### McINTYRE v. CLARK et al.

(Common Pleas of New York City and County, General Term. January 2, 1894.)

LEASE BY LIFE TENANT—DURATION.

A lease by a tenant for life is determined by the death of the lessor.

(Syllabus by the Court.)

Appeal from judgment on report of referee.

Action by Alice McIntyre against Daniel Clark and others for partition. From interlocutory and final judgments all the defendants except Edward Duffy appeal. Affirmed in part and reversed in part.

February 23, 1875, John Clark died seised of the premises in question. He left a will, which provides, among other things, as follows: "Item 6. My property situated at the southeast corner of Avenue A and East 23rd street, in the city of New York, being the only portion of my real estate from which any income is now derived, I direct to be managed by my executors as follows: All taxes, assessments, water rates, insurance, and interest on mortgage due thereon to be duly and punctually paid. The property I direct to be kept in good repair. After fulfilling these provisions, all the remainder of the income derived therefrom shall be paid over entire to my beloved wife, Catherine, during her natural life, for her own sole use and benefit. And should it so be that Mary McCabe, the sister of my dear wife, should survive my said wife, I order one-fifth of the income derived from the aforesaid property to be paid annually to my dear friend and sister-in-law, Mary McCabe, during the remainder of her natural life, after the decease of my dear wife. Item 7. After the death of my dear wife, and the fulfillment of the provisions herein above made, I direct and order that the net income derived from my estate be equally divided between my surviving brothers and sister Alice, share and share alike, during their term of life then succeeding. If but one survives, that one receives the whole income. After the death of my brothers and sister Alice, I direct and order that the remainder of my property be divided in equal parts between the issue or descendants of my brothers and sister Alice; the descendants of my deceased brother James to receive one share, those of my sister Alice one share, and those of my brother Daniel one share. Should there remain descendants of only two or one of the brothers and sister aforesaid, the ratio of the division as laid down is to be duly carried out, representatives of each to receive what would have been the share of their parents or ancestor. Finally, I hereby constitute and appoint my beloved wife, Catherine, executrix, and my friend and cousin, Wm. Dougherty, executor, of this, my last will and testament, with full power to rent or lease or mortgage or sell the property on the corner of Avenue A and East 23rd street, should such or any such proceeding become judicious or necessary. But, should the property be sold by my executors, I direct that the proceeds be safely invested in either first mortgages on real estate in the city of New York, or in interest-paying bonds of the city or state of New York or of the United States, and that the income be given as I have hereinbefore provided." Catherine Clark, the widow, died July 18, 1892. Dougherty, named

executor, died before the lease to Duffy. The lease to Duffy, executed by Catherine Clark, was for five years from May 1, 1891.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

James F. Swanton, for appellant McIntyre.

Townsend & Mahan, Stephen J. O'Hare, and John J. Macklin, for appellants Clark and others.

Lewis J. Conlan, for respondent Duffy.

PRYOR, J.   Upon the argument the single question in controversy was whether the lease of Catherine Clark to the defendant Duffy survived the death of the lessor.   It is manifest upon the face of the will that, besides the power to sell, lease, or mortgage, the executors were to be in possession of the premises, to receive the rents and profits, and to apply them for the security of the property, and for the support of the beneficiaries of the trust.   It results, therefore, if the devise be valid, that the executors took, not a power only, but the estate itself.   1 Edm. St. p. 677, § 47; Id. p. 678, §§ 55, 56; Ward v. Ward, 105 N. Y. 68, 11 N. E. 373.   But the devise in its entire scope is not valid, because contrary to the statute prohibitory of perpetuities.   If, by reason of the authority to sell imparted to the executors, the power to alienate be not unlawfully suspended, still "the proceeds would be tied up by the trust in violation of the statute."   Haynes v. Sherman, 117 N. Y. 433, 438, 22 N. E. 938. The power to lease, being an essential element in the scheme of disposition, fell with the trust, of which it was an inseparable incident. Benedict v. Webb, 98 N. Y. 460.   The executors, therefore, as trustees had no authority to make the lease.   The respondent nevertheless contends that his lease is valid, because the lessor, Catherine Clark, was vested with an estate for life in the property, and so was competent to create the term.   In respect of the provision for Catherine Clark the learned trial judge upheld the will, and we concur in his conclusion.   Kennedy v. Hoy, 105 N. Y. 134, 11 N. E. 390; Haynes v. Sherman, supra; Henderson v. Henderson, 113 N. Y. 1, 20 N. E. 814.   It is to be observed that the lease does not purport to be made by Catherine Clark as executor or trustee, but is her individual demise.   But the respondent insists that as, upon the death of Dougherty, she became sole trustee, she was vested by merger with a legal estate of the same duration as her beneficial interest.   Greene v. Greene, 125 N. Y. 506, 26 N. E. 739.   As life tenant, then, assuming her to be such, she had undoubted power to transfer an interest commensurate with her own estate; but, since her own estate was determined by her death, the derivative interest necessarily expired upon the same event.   "Resoluto jure concedentis resolvitur jus concessum."   Broom, Leg. Max. 467; 4 Kent, Comm. 106.   The apparent exception in copyhold law to the elementary rule goes upon the principle that the estate of the grantee is not derived from the lord pro tempore, but stands upon the custom.   Rawlyns' Case, 4 Coke, 52.   Any act of a life tenant in derogation of the rights of remainder-men or reversioners is nugatory, (Torrey v. Torrey, 15 N. Y. 430, 432,) and he is incapable of creating a term that shall outlast his own estate, (4 Kent, Comm. 74; Boone,

Real Prop. § 43.) The respondent, however, appeals to the provisions of the Revised Statutes authorizing a power to a tenant for life to make a lease for 21 years. 1 Edm. St. p. 683, § 86. But, as already seen, the attempted grant of power to lease was futile, because implicated with the illegal disposition; and Catherine Clark made the lease in her own right, and as of her proper estate. The unavoidable conclusion is that the defendant Duffy has no estate, right, title, or interest in the premises, and that the refusal of the referee so to find was error. Judgment affirmed, except in so far as it sustains the lease to respondent Duffy and directs a sale subject to said lease, and in that particular reversed. No costs. All concur.