(26 Misc. Rep. 160.)

SNEDECKER v. THOMPSON et al.

(Supreme Court, Special Term, New York County. January, 1899.)

MORTGAGE—FORECLOSURE—PARTIES.

Though a lease of land was given prior to a mortgage thereon, a complaint to foreclose the mortgage will not be dismissed, as against a tenant occupying the premises, on the ground that he is an improper party, where his lessor was a life tenant, who died before the commencement of the action.

Action by Henry H. Snedecker against Amelia Thompson and others. Judgment for plaintiff.

Wells, Waldo & Snedeker, for plaintiff.
George H. Pettit, for defendants.

WERNER, J. This is an action brought to foreclose a mortgage for $2,707 given by the defendant Amelia Thompson on the 18th day

of February, 1897, upon the premises described in the complaint. Various defenses are interposed. The answer of the defendant Amelia Thompson sets forth the pendency of a former action in this court between the same parties, and for the same cause, and that certain tenants and other persons are not made parties defendant herein. The answer of the defendant Olaf S. Thompson interposes as a defense the pendency of another action in this court between the same parties, and for the same cause. The defendant Alois Kramer interposes the same defense last above referred to, and also that he is a tenant in possession of the premises described in the complaint, under a lease from one Eveline Stack, dated January 1, 1894, and running for the period of 10 years from that date. Upon the trial the defendants moved to dismiss the complaint upon the following grounds: First, that it is expressly stipulated in the bond that if, at, after, or about the maturity of the bond, any objection to the title of the property is made by any title company examining the same for any purpose, a reasonable time shall be allowed the mortgagor, Amelia Thompson, within which to remedy the defect or defects, and obviate the objections raised to the title to the lands covered by the mortgage before foreclosure, and it appears from the evidence that such objections have been made; second, that the defendant Kramer, a tenant occupying a portion of the premises described in the complaint under a ten-year lease made and recorded in December, 1893, to him by one Eveline Stack, four years previous to the plaintiff's mortgage, which he does not recognize or admit in any way, is an improper party, and the complaint should be dismissed as to him; third, that the defendant Amelia Thompson is the duly-appointed receiver of the property described in the complaint, and was appointed such receiver in an action in which divers other parties were defendants, and interested in the property, and is still such receiver, and improperly sued without the permission of the court which appointed her; fourth, that there is another action pending between the same parties for the same cause. These defenses can be very briefly disposed of, and will be considered in the order in which they are presented.

There was no proof upon the trial to show that the title to the property in suit had been examined by any title company, or that any objections have been made to the title by any one. There is nothing in any of the answers interposed to indicate that any such defense was to be raised.

As to the Kramer lease, it is sufficient to say that his lessor was a life tenant, who died prior to the commencement of this action. The lease given to Kramer by Eveline Stack did not survive her death. Coakley v. Chamberlain, 8 Abb. Prac. (N. S.) 37; McIntyre v. Clark, 6 Misc. Rep. 377, 26 N. Y. Supp. 744.

The defendant Amelia Thompson is not made a party as receiver, but simply in her individual capacity. The order appointing her as receiver was made in another action, before the commencement of this action. There is nothing before the court to show that as such receiver she was a necessary or proper party to this action. Bank v. Cudlipp, 1 App. Div. 525, 37 N. Y. Supp. 248.

There is no other action pending between the same parties for the

same cause. There is pending a partition action, in which the parties hereto are parties, but there are also other parties defendant. No equities are shown which require that this action be dismissed on account of, or stayed pending, the partition suit.

The plaintiff is entitled to judgment of foreclosure and sale under his mortgage.

Judgment for plaintiff.