DAVIDGE v. WIGGINS et al.

(Supreme Court, Special Term, Orange County.   August 30, 1912.)

1. PERPETUITIES (§ 6*)—TRUSTS—SUSPENSION OF POWER OF ALIENATION.
   The statute against unlawful suspension of the power of alienation and ownership of property is violated by a will giving property in trust to pay half the income to each of testator's two daughters till she is 41 years old, and then to pay her half the principal, and in case either· or both die before reaching that age to pay the income and principal to her or their children at the times the same would be paid to them if living.

   [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56;  Dec. Dig. § 6.*]

2. WILLS (§ 81*)—EFFECT OF PARTIAL INVALIDITY.
   The scheme of a will being to make testator's wife and his two daughters equal beneficiaries, and the part creating a trust, chiefly for the daughters being void, the part making an absolute gift to the wife will also fail.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 201, 202;  Dec. Dig. § 81.*]

3. WILLS (§ 487*)—CONSTRUCTION—EVIDENCE.
   A paper in the handwriting of testator, attached to his will, is not competent on the question of the will violating the statute of perpetuities.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1023, 1026–1032;  Dec. Dig. § 487.*]

Action by Alice Wooster Davidge against Mary Edna Wiggins and others for construction of a will.   Will held invalid.

Bacon & Rorty, of Goshen, for plaintiff.

Francis Rooney, of New York City, Russell Wiggins, of Middletown, and Ralph Royal, of New York City, for defendants.

TOMPKINS, J.   This is an action by the widow of Edson G. Davidge, deceased, for a construction of the last will and testament of her deceased husband, and to have it adjudged that the provisions of said will creating certain trusts are illegal and void, and that the said testator died intestate as to all his property, except a legacy of $25,000 given to her by the will, which plaintiff claims was a valid bequest.

Edson G. Davidge died on the 22d day of December, 1908, leaving a last will and testament, dated the 24th day of April, 1893, and admitted to probate on the 5th day of February, 1909.   The essential provisions of the said last will and testament are as follows:

"I give and bequeath to my wife, Alice Wooster Davidge, twenty-five thousand dollars in money or solvent securities, to be paid and delivered to her as she shall need the same within five years after my decease, with interest from the date of my decease, which sum of ($25,000) twenty-five thousand dollars and interest shall be the absolute property of my said wife for her sole use and benefit forever.

"All the rest and residue of my property 'and estate, real, personal and mixed, of whatsoever kind and nature, and wheresoever situated, I give, devise and bequeath unto my brothers, James Davidge, Sherwood B. Davidge, Samuel P. Davidge and George Gifford Davidge, and the survivors and sur-

vivor of them, my executors and trustees hereinafter appointed, in trust, nevertheless, for the uses and purposes hereinafter set forth. * * *

"I hereby request, authorize and direct my executors and trustees to keep the funds and moneys of my estate, not needed in such business as they shall engage in or continue as aforesaid, invested in good and solvent interest-bearing securities, and to collect the interest, rents and income of my estate, not herein otherwise disposed of, and reinvest the principal and such part of the income as is not otherwise needed in carrying out the provisions of this will, as often as shall be needful, and to pay over the rents, issues and profits and the principal thereof as follows:

"One-third part of the use, rents, issues and profits of my entire estate, after deducting therefrom the income of twenty-five thousand dollars at the average rate of profits on my estate so held in trust, shall be collected and paid over by my said executors and trustees to my said wife in semi-annual installments; that is to say:

"I wish the $25,000 hereinbefore bequeathed absolutely to my wife to be wholly taken from the third part of my entire estate, and only the remainder of such third of my entire estate, after deducting from her third the aforesaid bequest of $25,000, is to be held in trust for my said wife and the use, rents, issues and profits paid over to her in semi-annual installments for and during the period of her natural life.

"I further direct that during the minority of my daughters, Mary Edna Davidge and Florence Harriet Davidge respectively, my executors and trustees shall clothe, school, educate and maintain them in a manner in keeping with my estate and their station in life, and upon the arrival of my daughter Mary Edna Davidge to the full age of twenty-one years, I direct that one-half of the accruing net rents, issues and profits of my estate, after deducting the portion thereof hereinbefore bequeathed to my wife, shall be paid over to her semi-annually during the term of twenty years, until she attains the age of forty-one years, at which time I direct that the said one-half part of my entire estate shall be paid over, delivered and transferred to her, for her sole use, to her and her heirs forever.

"And upon the arrival of my daughter, Florence Harriet Davidge, at the age of twenty-one years, I direct that the other one-half, subject to the aforesaid bequest of my wife, of the accruing net rents, issues and profits of my estate to be paid to her semi-annually until she attains the age of forty-one years, at which time the remaining one-half part of my said estate be paid over, delivered and transferred to her for her sole use, for her and her heirs forever.

"And in dividing my estate as aforesaid equally between my said daughters or their heirs it shall be found impracticable to make division of the property so as to be entirely satisfactory to my said daughters, then my said executors and trustees shall at the time my said daughter, Mary Edna Davidge, attains the age of forty-one years, convert my entire estate into money and securities which shall be capable of an exact equal division, one half of which shall be delivered to my said daughter Mary Edna Davidge, and one half of the principal retained by said executors and trustees until my said daughter, Florence Harriet Davidge, shall have attained the age of forty-one years, when the same shall be delivered to her as aforesaid.

"In the event of the death of either of my said daughters before reaching the age of forty-one years, leaving a child or children, then the semi-annual installments of the income from the one-half of my estate, and the final payment and delivery of the entire one-half of the principal of my said estate shall be paid over to such child or children, share and share alike in the same manner and at the same time the same is made payable by the terms hereof to my said daughter; that is to say at the same actual dates such income and principal are made payable to my respective daughters by the terms hereof, such income and principal shall be paid to the child or children of my said daughters or either of them, if they or either of them shall die before attaining the age of forty-one years, leaving a child or children.

"If either of my said daughters shall die before attaining the age of forty-one years leaving no child or children, then the share and part of my estate

hereinbefore directed to be paid to her, shall be paid to her surviving sister herein named, at the same times and in the same manner the one half of the income and principal of my estate to such surviving sister hereinbefore made payable.

"In case of the death of either of my said daughters leaving a minor child or children, to whom any portion of my estate is made payable, by the terms hereof, I expressly charge my executors and trustees to see that proper persons are appointed and qualified as guardians of such child or children before paying any portion of my estate over for the benefit of such child or children.

"The foregoing directions to pay over the rents, issues and profits of my estate to my daughters or the survivor of them are all subject to the bequest to my said wife and her portion of said rents, issues and profits hereinbefore given and bequeathed to her.

"The share and portion of my estate upon which the use, rents, issues and profits are herein directed to be paid over to my wife for and during the term of her natural life, shall upon her death become a part of the estate so held by my trustees for my said two daughters and to be treated and distributed between them in same manner as the other part of my estate herein devised and bequeathed for them.

"Provided that if my said wife shall survive the period at which my youngest daughter will, if living, become of the age of forty-one years, then upon the death of my said wife, the portion so held in trust for her shall then be paid over to my said daughters, or their heirs or the survivor of them in manner aforesaid.

"In the event another child or children shall be born to me after the execution of this will by me, then such child or children shall share in my estate equally with my said daughters, and the trust herein and hereby created shall be for the equal benefit of all my children or their heirs share and share alike. And the same shall be payable at the same times and in the same manner as above provided for my daughters, viz.—to enjoy the rents, issues and profits after arriving at the age of twenty-one years and each to receive his or her portion of the corpus of said trust on reaching the age of forty-one years, except the portion so held for my said wife and that shall not be so paid over until her death and not until my youngest child reaches the age of forty-one years, except that after her death such children or the heirs of such of my children as have reached the period when their shares of my estate are made payable, may receive their portions thereof."

Upon the death of the testator, there was found attached to the said last will and testament a paper, in the handwriting of the testator and signed by him, which was offered in evidence by the plaintiff, and received, reading as follows:

"Middletown, N. Y., June 13, 1907.

"To my Executors: I want my property, both real and personal, divided into three equal parts, and my wife, Alice W. Davidge, to have one part, my daughter M. Edna to have one part, and my daughter Florence H. to have one part.

"I hereby revoke the part of my will that gives to my wife the use only of one-third of my property.

"You may close up the personal part of my estate and make the division as soon as you think best and the real estate whenever you think the proper time has arrived. I wish you would be governed by the wishes of my wife and daughters in regard to the disposal of our residence.

"Edson G. Davidge.

"Mamie Collins, Witness."

The plaintiff was married to the testator on the 1st day of October, 1892, and was his second wife, and lived happily with him and his children by his first marriage until his death. The plaintiff's claim

is that the trust provisions of the will are void, because they illegally suspend the power of alienation beyond two lives in being when the testator died, and that the bequest to her of $25,000 is valid. One of the children of the testator contends that the entire will is invalid, and that the decedent died intestate as to his entire property. On behalf of the infant grandchild of the decedent, it is claimed that the trust provisions do not unlawfully suspend the power of alienation, while the trustees take a neutral position.

[1] I have reached the conclusion that the entire will is invalid. Gathering the testator's intention from the entire instrument, it seems clear to me that he intended that the trust should last, not until each of the daughters should attain the age of 41 years, or until the death of each, only, if one or both of them should die before attaining that age, but, if one or both of them died before attaining that age leaving children, until the very day when she or they, respectively, would have attained that age, if she or they had lived so long. It is to be noted that the testator distinctly says that:

"At the same actual dates such income and principal are made payable to my respective daughters by the terms hereof, such income and principal shall be paid to the child or children of my said daughters or either of them, if they [my said daughters] or either of them shall die before attaining the age of forty-one years, leaving a child or children."

The testator's daughter Mary Edna Davidge was born on January 5, 1879, and his daughter Florence Harriet Davidge on May 24, 1884. It is clear that by this direction the testator intended that, if his daughter Mary Edna Davidge died before reaching the age of 41 years, leaving children, those children should not receive one-half, or on a contingency the whole, of the principal of the estate, until the very day of January 4, 1920, and that in a similar case the children of his daughter Florence Harriet Davidge not until the very day of May 23, 1925, and that the interest upon their portions of the principal should be paid to them semiannually until those dates. This can be the only meaning of the words "same actual dates."

It will also be observed that the testator had previously used the words "term of twenty years" in speaking of the duration of the trust period, extending from the majority of his daughter Mary Edna Davidge to the time when she should receive her share of the principal. It is therefore evident that the testator intended an absolute trust period until January 4, 1920, as to one half of the principal, and until May 23, 1925, as to the other half. Further, the trust period stated in the will is not even measured only by the lives of his two daughters, for his will states:

"The share and portion of my estate upon which the use, rents, issues and profits are herein directed to be paid over to my wife for and during the term of her natural life, shall upon her death become a part of the estate so held by my trustees for my said two daughters and to be treated and distributed between them in same manner as the other part of my estate herein devised and bequeathed for them.

"Provided that if my said wife shall survive the period at which my youngest daughter will, if living, become of the age of forty-one years, then upon the death of my said wife the portion so held in trust for her shall then be

paid over to my said daughters, or their heirs or the survivor of them in manner aforesaid.

"In the event another child or children shall be born to me after the execution of this will by me, then such child or children shall share in my estate equally with my said daughters, and the trust herein and hereby created shall be for the equal benefit of all my children or their heirs share and share alike. And the same shall be payable at the same time and in the same manner as above provided for my daughters, viz.—to enjoy the rents, issues and profits after arriving at the age of twenty-one years and each to receive his or her portion of the corpus of said trust estate on reaching the age of forty-one years, except the portion so held for my said wife and that shall not be so paid over until her death and not until my youngest child reaches the age of forty-one years except that after her death such children or their heirs of such of my children as have reached the period when their shares of my estate are made payable, may receive their portions thereof."

The provisions of the will relative to the establishment of the trust are therefore clearly violative of the statute against the unlawful suspension of the power of alienation and ownership of property. There is but one trust, and that is void under the statute and the well-settled law of this state, and that applies to the personal property as well as to the real estate. Real Property Law (Consol. Laws 1909, c. 50) § 42; Personal Property Law (Consol. Laws 1909, c. 41) § 11; Haynes v. Sherman, 117 N. Y. 433, 22 N. E. 938; Hagemeyer v. Saulpaugh, 97 App. Div. 535, 90 N. Y. Supp. 228; Boynton v. Hoyt, 1 Denio, 58.

[2] It must be held, from all the provisions of the will, that this bequest and the income payable to the widow were intended to be in lieu of dower. To now give the testator's widow the legacy of $25,000, and also her portion of the principal of his estate, as to which he died intestate, the trust provision being invalid, would violate the entire scheme of his will. While an invalid and ineffective provision of a will may be ignored, and effect be given to other provisions that are in themselves valid, yet that cannot be done where the clear intention of the testator would be thereby defeated and the entire scheme of his will thwarted. As the will in question is one entire scheme, the provision as to the legacy cannot be retained without defeating the expressed and clear intent of the testator.

[3] The paper found attached to the will, and in the handwriting of the testator, which was offered in evidence by the plaintiff, was improperly admitted in evidence. It is not competent evidence for any purpose, and I have entirely disregarded its contents in making this decision.

My conclusions are that the $25,000 legacy to the plaintiff, as well as the trust provisions, are invalid, and that the entire estate must be distributed under the Intestacy Law, and that an interlocutory judgment to that effect should be entered, which judgment should direct the executors to file their account, after which final judgment may be made by this court settling the account and directing the distribution of the estate.

Costs to all parties payable out of the estate. Requests to find may be submitted within 10 days.