Marie DUPREE *v.* WORTHEN BANK &
TRUST CO., N.A., as Executor of
the Estate of Dollie Vivian
CarlLee, Dec'd, and as Trustee of the
Dollie Vivian Revocable Trust

76-74                                    543 S.W. 2d 465

Opinion delivered November 15, 1976

*Johnson, Calhoun & Lewis, Ltd.,* by: *Fletcher C. Lewis,* for appellant.

*Wright, Lindsey & Jennings,* by: *William D. Haught,* for appellee.

ELSIJANE T. ROY, Justice. On January 4, 1972, Dollie Vivian CarlLee entered into a lease agreement with appellant Marie Dupree for a term of five years. The lease term was to run from January 2, 1972, until December 31, 1976. Appellant took possession of the leased premises pursuant to the lease and performed her obligations under the lease until she was evicted from the premises.

At the time the lease was executed, Mrs. CarlLee had only a life estate in the leased property, the remainder in-

terest having been conveyed to Gene Wirt by warranty deed recorded on February 10, 1966. However, the lease made no mention of the fact that Mrs. CarlLee's interest was only that of a life tenant.

On August 27, 1974, approximately sixteen months before the lease term expired, the lessor, Mrs. CarlLee, died. Wirt thereafter canceled appellant's lease agreement effective January 1, 1975. This suit followed against Mrs. CarlLee's estate in order to obtain compensation for breach of the lessor's covenant of quiet enjoyment. The case was submitted to the court upon stipulation of facts. Both parties moved for a summary judgment, and appellee's motion was granted. This appeal followed.

Appellant argues that she was entitled as a matter of law to a cause of action against the estate of appellee-lessor for breach of the lessee's covenant of quiet enjoyment. The trial court relied on *Edwards v. Griffin*, 228 Ark. 844, 310 S.W. 2d 798 (1958), as dispositive of the issue because *Edwards* held that upon the death of a tenant for life all interest of his lessee ceases. However, the *Edwards* case deals only with the rights of the evicted lessee and the remainderman of the life tenant. It establishes that the lessee cannot compel the remainderman to carry out the terms of the lease and that the remainderman can evict the lessee. It does not involve an action by the lessee against the estate of the lessor after eviction.

*In Re O'Donnell,* 240 N.Y. 99, 147 N.E. 541 (1925)[1] is a case in which an action was brought by a lessee against the estate of the lessor-life tenant for a breach of the covenant of quiet enjoyment. The court held the action was proper and the lessee was entitled to recover damages for the breach from the estate of the deceased lessor. *In Re O'Donnell* is not necessarily contra to *Edwards, supra,* since *Edwards* treats only the rights between the lessee and the remainderman; any other comments beyond that point are dicta and not controlling on the issue here.

6 A.L.R. 1506, a pertinent annotation, states:

---

[1]This case is cited with approval in *Dave Herstein Co. v. Columbia Pictures Corp.,* 4 N.Y. 2d 117, 172 N.Y.S. 2d 808, 149 N.E. 2d 328 (1958).

A lease made by a tenant for life terminates "eo instante" on his death, and if there is a covenant, express or implied, for quiet enjoyment, the estate of the lessor is liable for a breach thereof. *Duker* v. *Kaelin* (1906) 28 Ky. L. Rep. 900, 90 S.W. 959; *Hamilton* v. *Wright* (1895) 28 Mo. 199; *Snedecker* v. *Thompson* (1899) 26 Misc. 160, 56 N.Y. Supp. 775; *McIntyre* v. *Clark* (1894) 6 Misc. 377, 26 N.Y. Supp. 744.

Another annotation to the same effect is found in 171 A.L.R. 489.

See also § 27 of 41 A.L.R. 2d 1448, which in part states:

*\* \* \* The following cases appear to approve, either expressly or impliedly, the rule that an eviction of the lessee by the holder of a paramount title, or by the lessee yielding to such a title, constitutes a breach of the covenant for quiet enjoyment.* (Italics supplied). (Citing cases).

*In Re Hunt's Estate,* 120 Misc. 174, 197 N.Y.S. 633 (1923), the court stated:

\* \* \* If Hunt, or his attorney, had said nothing to the lessee regarding the character of his ownership, and the eviction had taken place upon his death prior to the termination of the term of the lease, compensatory damages would arise, because the withholding of the knowledge of the life tenancy of the lessor was such lack of good faith in law as to approximate fraud on the part of the lessor, and the execution of the lease by the lessor without disclosing the quality of his estate would be held to have misled the lessee.

In *Petroleum Collections Incorporated* v. *Swords,* 48 Cal. App'. 3d 841, App., 122 Cal. Rptr. 114 (1975), it was held that in the absence of language to the contrary, every lease contains an implied covenant of quiet enjoyment. There was no language to the contrary in the case at bar. The agreement described the property and stated it was leased to lessee:

II.

To have and to hold the said premises unto the LESSEE

for the term of five (5) years, from the 2nd day of January, 1972, until and including the 31st day of December, 1976.

After establishing the terms of payment the lease continued:

## VII.

LESSOR covenants with LESSEE that LESSEE shall and may peaceably and quietly enjoy, have and hold the leased premises during the term aforesaid.

Appellee contends that appellant has no cause of action because the warranty deed executed by Mrs. CarlLee had been recorded in 1966 prior to leasing the property in 1972 and appellant had constructive notice that Mrs. CarlLee's estate was limited. We do not agree. Mrs. CarlLee knew her interest was limited because of the previously executed deed, but she made no mention of it in the lease contract. Under these circumstances we find appellant has a cause of action against Mrs. CarlLee's estate for breach of the covenant of quiet enjoyment. The court should have denied appellee's motion for summary judgment.

Reversed and remanded.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.