<hr />

KIMBARK v. WALDEMAR CO. et al. LEAVITT v. SAME.
MOSCOVITZ v. WISE. (No. 7637.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

RECEIVERS ⬳116—LEASE OF PROPERTY—DAMAGES ON EVICTION.

In a suit to foreclose a mortgage against a leasehold interest, the receiver appointed on foreclosure was by the court authorized to lease the premises on approval by a justice. The receiver leased a portion of the premises, with the approval of a justice; it being agreed that the tenant should hold for a term of five years, and that he might make deductions

<hr />

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the rent on account of alterations. The receiver notified the tenant that his lease was subject to the superior rights of the owner of the fee. *Held* that, on forfeiture by the owner of the.fee of the original leasehold of which foreclosure was sought, the tenant to whom the receiver leased could not recover from the receiver damages because of his eviction by title paramount.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 203; Dec. Dig. ☞116.]

Appeal from Special Term, New York County.

Actions by Elmer M. Kimbark and by Louis Leavitt against the Waldemar Company and others, in which Henry A. Wise was appointed receiver. Petition by Moris Moscovitz against Henry A. Wise, receiver. From the order for petitioner, the receiver appeals. Reversed as to the part appealed from.

See, also, 162 App. Div. 906, 146 N. Y. Supp. 1096; 88 Misc. Rep. 285, 151 N. Y. Supp. 832; 151 N. Y. Supp. 1124.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Evan Shelby, of. New York City, for appellant.

Frank & Wolfson, of New York City (Leo Wolfson, of New York City, of counsel, and Nathan Frank, of New York City, on the brief), for respondent.

CLARKE, J. The receiver in the above-entitled actions appeals from part of an order entered herein in favor of the respondent, granting to him an award for the damages he has sustained by reason of the cancellation of the lease made by and between the receiver and the petitioner respondent, and referring the matter to a referee to take proof of the damage and report with his opinion the amount thereof.

December 8, 1910, the Girard Trust Company, as trustee under a will, made and executed a lease with John L. Murray for 21 years from October 1, 1911, of the premises known as The Albany, 1651–1665 Broadway. Thereafter by mesne assignments the said lease was duly assigned to the Albany Apartments Corporation. Before this the Waldemar Company, one of the holders of the said lease, made and executed a mortgage on said lease for $9,000, and also a mortgage for $1,000. The plaintiffs commenced foreclosure proceedings on said mortgages, and on October 10, 1913, Henry A. Wise was duly appointed as receiver, with the usual powers and duties. On January 13, 1914, an order was duly entered in these actions that the receiver—

"be and he is hereby authorized and directed to rent vacant apartments and stores in the premises, the subjects of said actions, to desirable tenants upon leases in said receiver's discretion as to length and without consents of plaintiffs in either of said actions, and that said receiver, before entering into such lease, shall first obtain the approval of a justice of this court thereto upon ex parte application made by said receiver giving full information concerning said lease."

On January 13, 1913, the petitioner and the receiver.entered into a written lease for the store and basement at 1661 Broadway for 5 years and 1 month, beginning April 1, 1915, possession to be given February

1, 1915, at the annual rental of $5,000, payable on the 1st of each month in advance. The said premises were to be used as a drug store and soda fountain. Petitioner under said lease was given the power to make front and interior alterations to suit his business, and the receiver was to allow the sum of $500 from the rent, to be deducted from the rents of May, June, and July, 1913, provided petitioner would make said contemplated alterations. Petitioner was also allowed under said lease to sublet a subdivided store in said leased premises. Petitioner paid to the receiver the sum of $416.67 in advance for the month of April, 1915. The said lease was duly consented to and approved by a justice of the Supreme Court, and his approval indorsed thereon January 19, 1915.

Petitioner took possession on or before February 1st, and commenced to make the necessary changes and alterations, and made and completed the same and incurred and expended other sums of money to fit up the said premises as a first-class fashionable drug store, and made and caused to be made and erected special and suitable furniture and fixtures, and electric fixtures and electric signs in connection with same, and continued in possession, carrying on his lawful business, until on or about March 12, 1915, when he was informed by one of the marshals of the city of New York that a dispossess proceedings had been commenced against the receiver and undertenants for nonpayment of rent and taxes under the original lease of the Girard Trust Company, and that a final order has been entered in said proceedings in the Municipal Court of the City of New York, awarding the possession of the said premises to the Girard Trust Company. Petitioner was not served with any process in said proceedings, and did not know of their commencement, and was not made a party to the same. Petitioner immediately communicated with the agents of the Trust Company, who informed petitioner that they demanded possession of the premises under the dispossess proceedings and final order, and, although petitioner showed to them the lease made with the receiver and approved by the court, and stated that he had incurred large expenses in fixing and fitting up the place, the agents insisted upon possession.

The petitioner alleges that after many conferences the Trust Company was willing to give him a new lease for one year only at the same rental of $5,000 per annum, and refused to recognize or make any allowance for the alterations which he was to be allowed under the receiver's lease; that after the year is over petitioner may be compelled to pay the sum of $6,000 as rent per annum for the said premises; that petitioner's son and counsel had various conversations with the attorney for the receiver who made the lease, who stated that he is unable to render any assistance, and who also stated that he has funds of the receivership in his possession, and that by an order of the court duly entered in these actions the receiver will have to pay over all the surplus moneys in his possession to the Girard Trust Company; that although the Girard Trust Company will ultimately be the beneficiary of the administration of the affairs of the receiver, and be benefited by the improvements and alterations made in and to the premises by petitioner, the said Girard Trust Company refused and refuses to rec-

ognize the receiver's lease, and to make any allowance for said improvements as provided for in said lease; that the said Girard Trust Company has given to petitioner an ultimatum, expiring on the 31st day of March, 1915, to the effect that either petitioner give up the store under the final order in the dispossess proceedings or accept a new lease from it for the term of one year from April 1, 1915, under such terms and conditions as it may choose. Wherefore he asks for an order directing the receiver to pay back to petitioner the sum of $416.67 paid to him as rent for April, 1915, under the lease made with him, and also that the court make such an award for the damages and losses and loss of allowance under the said lease as your petitioner sustained by reason of the foregoing, and for such other and further relief as to the court may seem just and proper.

The court made an order requiring the receiver to pay back the $416.67, the rent for the first month paid in advance, which he has done, and further ordered and adjudged and decreed that the petitioner is entitled to an award of the damages he has suffered, and appointed a referee to take proof of the petitioner's damage, and to report with his opinion the amount thereof. From this part of the order the receiver appeals.

The receiver's brief states that he has in his possession the funds received by him as rents of the premises, which after the expenses of his administration and other liabilities will be paid over either to the Girard Trust Company under the orders entered in these actions, or to the plaintiff in the actions, the mortgagees of the leasehold, for whose benefit the receiver was appointed to collect the rents.

The respondent mainly relies upon Weeks v. Weeks, 106 N. Y. 626, 13 N. E. 96. This was an action in partition. A receiver had been appointed; the object being to secure the renting and care of the premises pending the litigation for the benefit of the parties who should be adjudged vested with the legal title. He was authorized to lease the premises, or any part thereof, for a term not exceeding three years from May 1, 1883, and he did so for terms expiring May 1, 1886. On the 19th of October, 1885, pending an appeal, the receiver, upon an affidavit showing the pendency of the appeal, and that unless he was empowered to renew the lease for another term the tenants might leave, and the houses remain untenanted after that date, applied ex parte to the court for liberty to renew the leases. The court thereupon authorized the receiver to lease the property for a term beginning May 1, 1886, and not extending beyond May 1, 1889, and the receiver renewed. The General Term affirmed the judgment on May 3, 1886, and that judgment was affirmed by the Court of Appeals in February, 1887. The appeal under consideration was from an order made after the affirmance of the judgment by the Court of Appeals, upon the application of the parties to the action, modifying the order of October 19, 1885, so as to authorize the leasing by the receiver for the term of one year only from May 1, 1886, and declaring that the leases executed by the receiver were valid only for the term of one year. The court said:

"The court had, therefore, power to set aside or modify the order of October 19, 1885. But the leases were not void. The lessees acted bona fide in reliance upon the order of the court, and will, as the affidavits tend to show,

be subjected to loss if the leases are annulled. * * * We think the court was authorized to award indemnity out of the fund arising on the sale under the judgment in partition, for any damages to the lessees, as a condition of granting the motion, and that nothing less will satisfy the claims of justice. We are of opinion that the order of the General and Special Terms should be affirmed, with a modification, however, declaring that the damages, when ascertained, shall be paid out of the fund reserved under the order of the court."

In that case the fund in court belonged to all the owners who were parties to the partition action in which the receiver had been appointed, and was subject to the final determination of the court therein. There was no question of superior title or ousting thereunder involved. It is not applicable to the case at bar, where the eviction was by superior title.

In Mack v. Patchin, 42 N. Y. 167, 1 Am. Rep. 506, the court said:

" * * * By the general assent of the courts in this state, a covenant for quiet enjoyment is implied in every mutual contract for the leasing and demise of land, by whatever form of words the agreement is made."

But it also said:

"In an action by the lessee against the lessor for breach of covenant for quiet enjoyment, the lessee can ordinarily recover only such rent as he has advanced and such mesne profits as he is liable to pay over; and in cases where the lessor is sued for a breach of a contract to give a lease or to give possession, ordinarily the lessee can recover only nominal damages and some incidental expenses, but nothing for the value of his lease."

The rule was again stated in the Matter of Strasburger, 132 N. Y. 128, 30 N. E. 379:

"But the general rule is, in the absence of fault in the lessor, that the lessee can recover only such rent as he has advanced and such mesne profits as he is liable to pay over."

And Judge Noyes, of the Circuit Court of Appeals, Second Circuit, in the case of Thorley v. Pabst Brewing Co., 179 Fed. 338, 102 C. C. A. 522, said:

"This examination of the course of decisions in the state of New York leads us to these conclusions: (1) That the rule of the early decisions fixing the measure of damages for breach of the covenant of quiet enjoyment in a lease is still the general rule in that state, well settled and established. (2) That under this general rule a tenant who has not paid in advance can, upon eviction by superior title, recover only nominal damages, and can recover nothing for the value of his lease or for improvements. (3) That exceptions to this general rule which call for compensatory damages arise: (a) In case of fraud, or that which approximates fraud, on the part of the lessor. (b) In case of fault, or that which amounts to fault upon the part of the lessor; but the execution of a lease by the lessor, with knowledge that he is without full authority to do so, does not amount to a fault, unless the lessee is thereby misled."

The answering affidavits in the case at bar state that at the time of the making of the lease the agents who acted for petitioner were informed by the receiver's attorney and agent that the receiver under the authority of the court had the right and power to bind the leasehold premises, but that in event the leasehold was destroyed by the superior right of the ground landlord, the Girard Trust Company, the lease

which said petitioner desired would be destroyed by such superior right. And the lease upon its face shows that it was executed by the receiver appointed in two actions as such receiver. We are aware of no principle or rule which would authorize the awarding of damages as provided in the part of the order appealed from.

The order appealed from should therefore be modified, by reversing so much thereof as is appealed from with $10 costs and disbursements to the appellant. All concur.

