A decree may be entered, awarding distribution in accordance with the terms of this memorandum.

---

(96 Misc. Rep. 377)

## In re GOETZMANN.

## In re SCHINDHELM'S WILL.

### (Surrogate's Court, Erie County. June 30, 1916.)

EXECUTORS AND ADMINISTRATORS 〰324—SALE OF REALTY—PAYMENT OF LEGACY.

    Under Laws 1914, c. 443, and Code Civ. Proc. § 2703, a sale of decedent's real property may be made to pay a legacy charged thereon where some of the heirs are unknown or absentees, without first proceeding under section 2702 in the Supreme Court to have or enforce a judicial settlement of the executor's accounts within 18 months after letters of administration first issued, as required where the sale is to pay a claim, debt, or demand against the estate.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1337, 1338, 1342; Dec. Dig. 〰324.]

Proceeding for the sale of real property belonging to the estate of Andreas Schindhelm, deceased, for the payment of balance due on a legacy, the expense of administration, and the distribution to the parties entitled thereto. Petition granted.

William G. Kilhoffer, of Buffalo, for petitioner.
Horton & Grandison, of Buffalo, for Hannah Preas.
Walter F. Hofheins, of Buffalo, for Attorney General.
William R. Pooley, of Buffalo, special guardian.

HART, S. Andreas Schindhelm died on the 16th day of May, 1908, leaving a will which was admitted to probate on the 3d day of Febru-

---

〰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ary, 1909, and letters of administration with will annexed issued to the petitioner herein. By his will the decedent bequeathed and devised his entire estate, share and share alike, to his children, subject to the payment of a legacy of $3,000 to his wife, Mary Schindhelm. At the time of the execution of the will, decedent had two children, Christina Spanheld, who predeceased him, without issue, and Martin Schindhelm, who left Buffalo in 1893, and whose whereabouts have been unknown since 1902, and who is supposed to have also died without issue. This is the first judicial settlement of the accounts of the administrator, and this proceeding was instituted upon the petition of Hannah Preas, as executrix of the will of Mary Schindhelm, deceased widow of decedent.

The petitioner alleges in his petition that the personal property was insufficient to pay the legacy to Mary Schindhelm, and she is charged with various rents collected by her from the time of decedent's death until her own death, and a substantial portion of her legacy remains unpaid. Decedent left real property, and in this proceeding the administrator asks for an order directing the sale of such real property for the payment of the balance due on the legacy to Mary Schindhelm, the expense of administration, and for the distribution of their respective shares to the parties entitled thereto. The special guardian has taken the position that the Surrogate's Court is without jurisdiction to order the sale of the real estate in this proceeding for any purpose, upon the ground that no proceedings for a judicial settlement or to compel a settlement of the accounts of the administrator were commenced within 18 months from the date of the issuance of letters of administration.

Prior to the adoption of chapter 443 of the Laws of 1914, the Surrogate undoubtedly had no authority to direct the sale of decedent's real property for any purpose other than the payment of debts. This authority was very much enlarged in the act of 1914, and section 2703 of the Code of Civil Procedure now provides that real property may be mortgaged, leased, or sold for six different purposes, including the payment of a debt or legacy charged thereupon, and the payment and distribution of their respective shares to the parties entitled thereto, where any or all of said parties are infants, incompetents, absentees, or persons unknown, whenever in his discretion the surrogate may so direct. Section 2702 of the Code, however, provides that real property shall not be mortgaged, leased, or sold under a decree of the Surrogate's Court to satisfy any claim, debt, or demand, unless a proceeding for a judicial settlement or to compel a settlement of the accounts of an executor or administrator shall have been commenced within 18 months from the date letters first issued to an executor or administrator. The special guardian contends that the sections above quoted do not apply to this case, and that any power of the surrogate over real property must be exercised within the time limit of eighteen months, and that the only remedy of the executor of the will of Mary Schindhelm for the enforcement of the balance owing upon her legacy is by an action in the Supreme Court.

I am not inclined to take this view of the matter. Under the old

practice real property could be sold for the payment of debts at any time within three years after letters were first issued. Under the new practice the time within which such a proceeding can be instituted for such a purpose has been limited to 18 months. The purpose of the amendment was undoubtedly to accelerate the administration of estates, and free the real property from the lien of the debts of the decedent, so that the heirs or devisees might obtain a clear title within a shorter period of time. The situation in this case is entirely different. Here we have the entire estate charged with the payment of a legacy to the widow which the personal property was insufficient to pay. The whereabouts of Martin Schindhelm, the only surviving child, are unknown. He left the state of New York over 20 years ago, and has not been heard from for many years. If living, he is an absentee; if dead, his heirs at law are unknown persons; so that this case comes within the provision of both subdivisions 5 and 6 of section 2703 of the Code. In my opinion the Legislature has not limited the time within which real property may be sold for the payment of a legacy charged thereupon, or for the purposes of distribution.

An order may therefore be entered, directing the sale of the real property for the payment of the balance due upon the legacy of Mary Schindhelm, and also for the purposes of distribution. I do not think that the executor of the will of Mary Schindhelm should be compelled to bring an action in the Supreme Court for the enforcement of the legacy and for the sale of the real property for that purpose. A reasonable construction of the sections of the Code above quoted would seem to indicate that they were intended to cover just such a situation as exists in this estate. All of the purposes of an action in the Supreme Court can be accomplished in this proceeding and with practically no expense to this estate.