ANTHONY ORECCHINTO, Respondent, v. AMELIE F. CHITTENDEN, as Administratrix, etc., of OCTAVIE FRIEDRICH, Deceased, Appellant.

Second Department, March 9, 1917.

Landlord and tenant — real property — action for breach of covenant for quiet possession or enjoyment — rule of damages — fraud — erroneous refusal to submit issues of fraud to jury — evidence.

Where, in an action to recover damages for the breach of a covenant for quiet possession or enjoyment contained in a lease made by defendant's intestate to the plaintiff, it appeared that the lessor, to the knowledge of the plaintiff, had only an estate for her life in the premises, which fact

the defendant sought to establish, and that his relations were very intimate with the lessor, it was error for the court to refuse to submit to the jury the issue of fraud in procuring the lease, and also the question of plaintiff's knowledge that decedent had only a life interest.

Upon such issues all the acts of the plaintiff with or concerning the decedent were competent evidence against him.

It was error to exclude evidence as to a paper attempted to be probated by the plaintiff in which he was given the property of the lessor.

There being no proof of fraud on the part of the lessor or that plaintiff was misled, the trial justice should have held as matter of law that plaintiff was not entitled to recover the value of the lease and should have directed a verdict for the defendant accordingly, or dismissed the complaint.

A tenant who has not paid in advance can, upon eviction by superior title, recover only nominal damages, and can recover nothing for the value of his lease or for improvements. Exceptions to this general rule which call for compensatory damages arise: (1) In case of fraud, or that which approximates fraud, on the part of the lessor. (2) In case of fault or that which amounts to fault upon the part of the lessor; but the execution of a lease by the lessor with knowledge that he is without full authority to do so, does not amount to a fault unless the lessee is thereby misled.

APPEAL by the defendant, Amelie F. Chittenden, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of June, 1916, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 6th day of June, 1916, denying defendant's motion for a new trial made upon the minutes.

*Frederick W. Fielding,* for the appellant.

*Frederick W. Sparks* for the respondent.

MILLS, J.:

The action was brought to recover damages for the breach of a covenant for quiet possession or enjoyment contained in a lease made July 5, 1912, for the period of ten years from October 1, 1912, by Octavie Friedrich, defendant's intestate, to plaintiff of certain premises at the northwest corner of Livingston and Hoyt streets in the borough of Brooklyn.

The lessor had only an estate for her life in said premises, which estate she had obtained under the will of her mother, which had been duly probated. At the trial it was conceded

that the lessor died November 28, 1912, and the remainderman, under the provisions of said will, thereupon entered into possession of the said premises and refused to recognize the said lease as being then effective. The plaintiff also introduced in evidence the lease, which provided for a rental of $1,500 a year, payable $125 a month in advance, with the privilege of renewal. He, also, by a real estate expert, gave evidence of the value of the lease, making it $3,900 for the term and for that and the renewal $8,900.

The defendant introduced evidence tending to establish (a) that plaintiff, when he took the lease, knew well that the lessor had only a life estate, and (b) that his relations then were very intimate with the lessor, such that defendant claimed that he was bound to show affirmatively that he had acted in good faith in procuring the lease and that she well knew its nature. The answer alleged both that plaintiff had such knowledge and that the lease was obtained by plaintiff by fraud and deceit through his confidential relations with her. The plaintiff was not examined in his own behalf and introduced no evidence other than as above stated.

The learned trial justice refused to submit to the jury the issue of fraud in procuring the lease, defendant excepting, and also refused to submit the question of plaintiff's knowledge when he took the lease that decedent had only a life interest, defendant excepting. The trial justice submitted to the jury only the question of the value of the lease, instructing them that they should bring in a verdict for the plaintiff for the amount of such value, and they returned a verdict for the plaintiff for $1,500.

The rule as to damages in case of a breach of such a covenant in a lease appears to have been well settled by several decisions. (*Friedland* v. *Myers*, 139 N. Y. 432, 436; *Matter of Strasburger*, 132 id. 128, 132; *Mack* v. *Patchin*, 42 id. 167, 171; *Kimbark* v. *Waldemar Co.*, 169 App. Div. 239.) The rule is clearly summarized in the opinion in the latter case as follows: " ' a tenant who has not paid in advance can, upon eviction by superior title, recover only nominal damages and can recover nothing for the value of his lease or for improvements. * * * That exceptions to this general rule

which call for compensatory damages arise: (a) In case of fraud, or that which approximates fraud, on the part of the lessor. (b) In case of fault or that which amounts to fault upon the part of the lessor; but the execution of a lease by the lessor with knowledge that he is without full authority to do so, does not amount to a fault unless the lessee is thereby misled.'" (169 App. Div. 244, 245.)

Nevertheless the trial justice in the case here at bar appears to have held as matter of law that the facts that decedent, when she executed the lease, had only an estate for her life, and that she died before plaintiff took possession, established that the lease failed through her fault, and that, therefore, her estate was liable for the value of the lease. That decision appears to me to have been directly in the teeth of subdivisions (a) and (b) of the rule as above stated. The evidence clearly warranted the jury in finding that plaintiff, when he obtained the lease, knew, having been expressly informed by decedent's former agent, the witness Grassman, that she had only a life estate. If that was true there could have been no fraud on decedent's part and no being misled on plaintiff's part. The evidence indicated also that plaintiff then had other like information, and indeed had been so advised by his own lawyer after examining the will under which the decedent held. In any event, it appears clear to me that the trial justice should have submitted to the jury the question or issue of such knowledge, with instruction that if they found the same proven they should find a verdict for the defendant.

Moreover, I think that the issue as to fraud on the part of the plaintiff in procuring the lease should have been submitted to the jury. The evidence upon that point was rather meager. There was, however, enough to show that decedent was then an old woman — deformed, a sort of a recluse, much addicted to strong drink, living in a tenement or rooms in the upper part of the premises in question, with many cats, in filthy surroundings; that plaintiff was one of her downstairs tenants and frequently visited and assisted her. It was intimated upon cross-examination of her former agent that latterly plaintiff had acted for her in that capacity. Apparently after her death he attempted to probate a paper as her will in his

favor, but the same was rejected of probate as having been improperly executed. The trial justice excluded the evidence as to that paper, and in so doing I think that he erred. Upon such an issue all the acts of the plaintiff, with or concerning the decedent, were competent evidence against him. I infer from the offer of proof that the purported will was one giving her property to the plaintiff. It was proven that he told one of the witnesses that he could get a will from her if he wanted it.

I think that, there being no proof of fraud on the part of the lessor, or that plaintiff was misled, the trial justice should have held as matter of law that plaintiff was not entitled to recover the value of the lease, and should have directed a verdict for defendant accordingly or dismissed the complaint.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

JENKS, P. J., THOMAS, RICH and PUTNAM, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.