In the Matter of the Estate of DANIEL HUNT, Deceased.

Surrogate's Court, Westchester County, January, 1923.

Landloid and tenant — life estate — lease with covenant of quiet enjoyment — notice to lessee — lessee cannot recover damages under covenant from lessor's estate.

Decedent had a life estate in certain real estate and leased the same to a tenant for a term of six years expiring February 1, 1925.   The lease contained a covenant of quiet enjoyment.   The lessor died in April, 1920.   The lessee was evicted by the owners of the fee in December, 1921.   The evicted tenant seeks to establish a claim against the estate of his lessor for damages based on the alleged breach of the covenant of quiet enjoyment.   It was proved that a prior lease between the decedent and the claimant of the same property contained the following provision: " Nevertheless it is hereby mutually covenanted and agreed that this lease, or said extension thereof shall terminate and come to an end within six months after the death of the landlord, if it shall occur during said term or extension, unless those succeeding to said landlord in the ownership of said premises shall elect to continue in force the said lease or extension in which case, that is, upon the said election, said lease or extension shall remain in full force and effect for the full term thereof."   *Held*, that the tenant had actual notice of the quality of the estate of his lessor; that there was no fraud on the part of the lessor and his estate was not liable for the value of the lease or for improvements or for compensatory damages.

PROCEEDING to establish a claim against an estate.

*Benjamin I. Taylor*, for claimant.

*Thomas Holden, Jr.*, for executor.

*William Baruch*, for Harrison G. Hunt.

SLATER, S.   The proceeding is one to establish the claim of one Immaculatta Capozzi, individually and as executrix of Vincenzo

Misc. 174]    Surrogate's Court, Westchester County, January, 1923.

Capozzi, for damages amounting to $16,145 based on the alleged breach of the covenant of quiet enjoyment in a lease of real property at Rye, N. Y., executed by said decedent to Vincenzo Capozzi, deceased, and the claimant, his wife.   The wife is the sole beneficiary under her husband's will.

Harrison Hunt, the brother of Daniel Hunt, died seized of the leased premises in 1888 leaving a will which gave to Daniel Hunt a legal life estate in said premises, with remainder to his children. Daniel Hunt went into possession of the property as life tenant, and continued as such to April 24, 1920, when he died.   His death terminated the lease.   *Nesbitt* v. *Thompson*, 93 Misc. Rep. 251, 256; *Williams* v. *Alt*, 226 N. Y. 283, 288; Real Prop. Law, § 530.

A portion of the property was first leased to Vincenzo Capozzi and his wife in May, 1913, for the term of five years.   On January 26, 1914, another lease was prepared and executed by the parties for the term of five years, from February 1, 1914, covering two buildings, which superseded the lease of May, 1913, the change relating to rent, and additional property.   Another lease of another building was entered into between Hunt and Mr. and Mrs. Capozzi, dated February 8, 1918.   The lease in question covering all three properties dated February 8, 1918, was executed for a term beginning the 1st day of February, 1919, and ending the 1st day of February, 1925, recorded in liber 2165 of Deeds, page 281, of the register's office of Westchester county.   It contained the following covenant: " And the said landlord doth covenant with the said tenant on paying the said yearly rent and performing the covenant aforesaid shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid."   Upon Daniel Hunt's death, the remaindermen under Harrison Hunt's will evicted the lessees by order of the County Court of Westchester county, dated December 17, 1921.   Later the lessees attorned to the owners of the fee.   The last lease was prepared by Daniel E. Kelly, attorney for the lessee.   All prior leases were drawn by Frederick W. Sherman, attorney for Hunt.   The proof offered was partially documentary and partially oral.   The lease dated May, 1913, is signed only by Vincenzo Capozzi, and contains the following covenant or statement: " It is further covenanted and agreed that the landlord will upon the written request of the tenants, received by him not less than three months before the expiration of this lease, grant to the said tenants a further lease of five years, similar in all respects to this lease saving only this covenant for renewal.   *Nevertheless it is hereby mutually covenanted and agreed that this lease, or said extension thereof shall terminate and come to an end within six months after the death of the landlord, if it shall*

*occur during said term or extension, unless those succeeding to said landlord in the ownership of said premises shall elect to continue in force the said lease or extension in which case, that is, upon the said election, said lease or extension shall remain in full force and effect for the full term thereof.*"   This covenant is found only in the first lease.   As to the covenant providing for the termination of the lease within six months after the death of the landlord, Mr. Sherman testified " that he explained to Mr. Capozzi the terms of the leases, that Mr. Hunt had the premises for his life, and when he died the lease would terminate, but if the children wanted to hold him, they were to have the option to do it, or it could be terminated then."

Counsel agreed upon the trial to submit to the court in the first instance the question whether there is any liability and, if so, to thereafter take proof of the extent thereof.   In deciding the question as to liability, it becomes necessary to consider the rule as to damages in case of a breach of a covenant of quiet enjoyment. A covenant of quiet enjoyment is implied in every lease.  *Fifth Avenue Building Co.* v. *Kernochan,* 221 N. Y. 370.   In the instant case, however, it is one of the express covenants.   The claimant contends that the probate of the will of Harrison Hunt was not constructive notice of the fact that Daniel Hunt had an estate for his life.   *Taylor* v. *Millard,* 118 N. Y. 244; Decedent Estate Law, § 42; *Fifth Avenue Building Co.* v. *Kernochan, supra,*  Indicating the contrary is *Nesbitt* v. *Thompson, supra; Green* v. *Horn,* 207 N. Y. 489, 495.   But this is non-important on account of proof indicating actual notice of the character of lessee's holding.

The rule as to damages in case of breach of a covenant of quiet enjoyment in a lease is well settled in this state by several decisions. *Mack* v. *Patchin,* 42 N. Y. 167, 171; *Matter of Strasburger,* 132 id. 128, 132; *Friedland* v. *Meyers,* 139 id. 432; *Kimbark* v. *Waldemar Co.,* 169 App. Div. 239; *Orecchinto* v. *Chittenden,* 177 id. 88; *Thorley* v. *Pabst Brewing Co.,* 179 Fed. Rep. 338.   The rule as stated in the last case is this: " A tenant who has not paid in advance can, upon eviction by superior title, recover only nominal damages and can recover nothing for the value of his lease, or for improvements * * *.   *That exceptions to this general rule which call for compensatory damages arise:* (a) In case of fraud, or that which approximates fraud, on the part of the lessor; (b) in case of fault or that which amounts to fault, upon the part of the lessor; but the execution of a lease by the lessor with knowledge that he is without full authority to do so, does not amount to a fault unless the lessee is thereby misled."

In a number of reported cases the lessor had permitted the

mortgage upon the fee to be foreclosed and it has been held that the liability existed in favor of the lessee, because, in such case when the lease was given, the lessor, if he acted in good faith, must have intended in some way to have taken care of the mortgages; because he did not do so, having the ability so far as appears to do so, he should be held liable in damages. *Dorb* v. *Modern Holding Co.*, 183 N. Y. Supp. 639; *Mack* v. *Patchin, supra; Laveites* v. *Gottlieb*, 115 Misc. Rep. 218; *Title G. & T. Co.* v. *21st St. & 5th Ave. Corp.*, 110 id. 126.

By reason of actual notice of the lessor's estate as set forth in the lease of 1913 between the same parties, we are not brought within the exceptions to the general rule which calls for compensatory damages. If Hunt, or his attorney, had said nothing to the lessee regarding the character of his ownership, and the eviction had taken place upon his death prior to the termination of the term of the lease, compensatory damages would arise, because the withholding of the knowledge of the life tenancy of the lessor was such lack of good faith in law as to approximate fraud on the part of the lessor, and the execution of the lease by the lessor without disclosing the quality of his estate would be held to have misled the lessee. While the lease in the instant case did not contain any covenant or statement with regard to the life tenancy of the lessor, it is my opinion that the covenant in one of the prior leases offered in evidence, together with the testimony of Sherman brought clearly home to Vincenzo Capozzi actual notice of the quality of the estate of Hunt, making it unnecessary to consider " nice assumptions of constructive notice." As the fact was once shown to exist it is presumed to continue. *Matter of Perry*, 129 App. Div. 587; *Johnson* v. *Manhattan & Queens Traction Corp.*, 162 id. 753. Consequently, it cannot be said that there was any fraud on the part of the lessor, or withholding of information, or knowledge that misled the lessee, with the inevitable result which flows from the rule that the recovery is limited to money paid in advance for rent. *Matter of Strasburger, supra.* Nothing can be recovered for the value of the lease or for improvements. There is no liability for compensatory damages in view of actual notice of the lessor's estate.

Decreed accordingly.