In the Matter of the Petition of JOHN J. O'DONNELL to Render and Settle His Account as Executor, etc., of MICHAEL E. O'DONNELL, Deceased.

Surrogate's Court, Kings County, August (Received September, 1923).

Landlord and tenant — lease by one who has only life estate in property — death of lessor — ouster of tenant — right to compensatory damages — breach of covenant of quiet enjoyment — practice — compulsory accounting — right of creditor of estate to show facts necessitating sale of real estate.

The failure of a lessor to disclose to his lessee that he was only the life tenant of the leased property entitles the lessee, who was compelled to vacate the premises before the expiration of his term, to compensatory damages for breach of the covenant of quiet enjoyment contained in the lease.

Decedent entered into a lease for a term of years without disclosing to his lessee that he was only the tenant for life of the property. Upon the death of the lessor the remainderman refused to recognize the lease, raised the rent and then sold the property. *Held,* that the lessee's claim for damages in the amount stipulated will be allowed against the estate of the life tenant.

The consolidation of an involuntary accounting proceeding commenced within eighteen months from the date of letters testamentary with a voluntary accounting proceeding is in effect a continuation of the compulsory proceeding, and as in such a case, under section 236 of the Surrogate's Court Act any party to the proceeding may allege and prove such facts and circumstances as are required to order the sale of the real property left by the decedent for the payment of debts, the surrogate under section 65 of said statute may make such an order in the proceeding for the settlement of the accounts of the executor.

PROCEEDING to settle accounts of an executor.

*Michael J. Joyce,* for petitioner, and for Anna S. M. Martin.

*James W. Redmond,* for respondents George W. Matheson and others.

*Edward M. Perry,* for Peter F. Reilly and others, objectors.

*Chas. Coleman Miller,* for William K. Voorhees Grain Company, claimant.

WINGATE, S.  The claimant's right to enforce payment of his claim, if found to be valid, by a resort to the sale of decedent's lands is not barred by the Statute of Limitations.  The petition in the involuntary accounting proceeding prayed that the executor be required to show cause why he should not file an account " and why the petitioner should not have such further relief as may be proper."

That proceeding was commenced within eighteen months from the date when letters first issued to the executor.  It was a proceeding in which " a judicial settlement of the accounts of an executor " might be had, and upon such settlement " any party to the proceeding may allege and show by proof such facts and circumstances as are required to give the court jurisdiction to order the  *  *  *  sale of the real property left by the deceased " (Surrogate's Court Act, § 236), the proceeding having been commenced within the eighteen months' period.

During its pendency the executor elected to commence a voluntary accounting proceeding and the surrogate ordered that the two proceedings be consolidated.  The entry of a written order is not material.  If desired it can at any time be entered *nunc pro tunc.*  Further proceedings were then had in the consolidated accounting.  This is in effect a continuation of the compulsory proceeding.  Were this not so, the involuntary proceeding would be open and the direction therein to the executor to file an account ready for enforcement.  Such account when filed would show facts identical with those set forth in the account now before the court, and the petitioner could after its filing apply for the sale of the real property upon the judicial settlement of the account in that proceeding.

If the involuntary proceeding is not consolidated it is alive.  Even if consolidated, the surrogate may make an order therein. Surrogate's Court Act, § 65.

The decedent, who was a life tenant, entered into a lease for a term of years without disclosing to his lessee that he was only a life tenant.  The life tenant died and the remainderman assumed control, refused to recognize the lease, raised the rent and then

sold the property. The lessee vacated the premises and claims damages of the life tenant's estate for breach of the covenant of quiet enjoyment which the lease contained.

The questions involved herein seem to be covered by the able opinion of Surrogate Slater in *Matter of Hunt*, 120 Misc. Rep. 174, and, following this decision, it is held that,the failure of the decedent to disclose the character of his ownership approximated fraud and entitles the claimant lessee to compensatory damages for breach of the covenant of quiet enjoyment, which, under the stipulation, must be taken to be $1,900, and the claim is allowed in that amount.

Those who took title to the property from the devisee within eighteen months of the grant of letters and subsequent grantees took it subject to the provisions of law that it could by appropriate proceedings commenced within such period be sold to pay the decedent's debts.

The application to sell the real estate is granted unless a bond be given in conformity with section 235 of the Surrogate's Court Act.

Settle order on notice.

Decreed accordingly.