In the Matter of the Estate of PHILIP SPRINGER, Deceased.

Surrogate's Court, Bronx County, December 9, 1930.

*Hutter & Rosenbloom* [*Abraham L. Popper* and *Arthur Hutter* of counsel], for the petitioner.

*Daniel Noble* for Title Guarantee and Trust Company.

*Jacob Weinberger*, for Lena Eichhorn.

*Kohn & Granirer*, for President and Directors of the Manhattan Company.

*Sylvester Benjamin*, for Ray Lippman.

*Simon Berg*, for Meyer and David Springer.

HENDERSON, S.   On August 20, 1930, a creditor filed a petition for an order directing the sale of real property of the decedent for the payment of debts, and that such sale be free and clear of any liens or incumbrances or any rights arising out of any transaction after the death of the decedent.   One of the respondents, the Title Guarantee and Trust Company, has interposed an answer and contends that the petition should be dismissed as a matter of law.

The decedent died on July 22, 1925, and letters testamentary were granted August 11, 1925.   A petition to compel a judicial settlement of the account of the executors was filed on October 2, 1926, and an account was filed on November 17, 1926.   On June 3, 1926, one of the executors filed a petition for the sale of real estate for the purpose of paying creditors.   The estate owned three parcels of real property, one of which was sold pursuant to an order of the surrogate dated December 28, 1927.   There was a supplemental account filed by one of the executors of the estate on May 9, 1928, which was a report on the sale of the real property.   On July 11, 1928, the executor filed a petition praying for the judicial settlement of his account, consisting of the account filed on November 17, 1926, and the supplemental account filed on May 9, 1928.   This was a continuation of the compulsory proceeding.   All objections have been disposed of, and on March 18, 1929, the accounting proceeding was marked for decree.   No decree has been presented and it was not until July, 1930, that the transfer tax proceedings were completed.

No decree has been entered upon the petition to compel the judicial settlement of the accounts of the executors.   That proceeding is now pending in this court.   It was commenced within eighteen

months after the issuance of letters testamentary, and the petitioner herein is a party to that proceeding and may apply for the relief he seeks. (Surr. Ct. Act, § 236.) I hold the application of the petitioner herein was timely, and that this court has jurisdiction to order the sale of the real property of the decedent. (*Matter of O'Donnell*, 121 Misc. 496; revd., 208 App. Div. 374, 387; revd., and decree of surrogate affirmed, 240 N. Y. 99.) It is urged that because of the decree of December 28, 1927, ordering the sale of one of the parcels of real property for the payment of debts, the court is without authority to make another order for the sale of the other parcels. The decree above mentioned was not a determination that the parcel sold was the only one that might be sold for the payment of debts. The reference therein to such parcel was descriptive merely as to the parcel which should first be sold for that purpose. I hold that the court may make another order for the sale of part or all the real property remaining, if it appears that the proceeds of the sale of the first parcel were insufficient to pay the debts. The motion to dismiss the petition is denied, and the hearing upon the questions of fact raised by the answers of several respondents will proceed. Settle order accordingly.