In the Matter of the Estate of ELIZABETH M. McKENNA, Deceased.

Surrogate's Court, Kings County, May 19, 1939.

*C. & T. Perry,* for Margaret C. Hayden and William J. McKenna, administrators *c. t. a.,* petitioners.

*Joseph E. Keenan,* for Francis McKenna, James W. McKenna, Charles F. McKenna and Mary Caliendo, distributees, objectants.

*Joseph A. Esquirol,* special guardian for Eileen Bowman, Joseph Bowman, George Wick and Gerard Wick, infant distributees.

*John O. Gempler,* for Lulu Groman, assignee of distributee, objectant.

*William C. Chanler, Corporation Counsel,* for William Hodson,. as commissioner of welfare of the city of New York, assignee of distributee.

*D. George Levine,* for Louis Feldman, assignee of distributee. .

*Frederick W. McGowan,* for National Surety Corporation, surety on the bond of the administrators *c. t. a.*

WINGATE, S. The question here presented relates to the power of this court to authorize the sale by administrators *c. t. a.* of certain real estate which belonged to the decedent.

The decedent left a will which devised and bequeathed her entire estate to her sisters and named them as executrices. Both predeceased her, thereby rendering the will nugatory for every purpose. Letters of administration *c. t. a.* were issued to the present petitioners on May 11, 1937.

On May 31, 1938 a proceeding for a compulsory accounting was instituted which resulted in the entry of an order on June 20, 1938, directing the fiduciaries to file and proceed to settle their account within thirty days.

On August tenth they filed their accounts with a petition for their judicial settlement. A citation was issued on the same date, returnable on September fourteenth, which was duly served on all parties over whom the court did not otherwise have jurisdiction.

On March 31, 1939, an amended petition was filed in which, in addition to the prayer for the judicial settlement of their accounts, the petitioners sought permission to sell a parcel of real estate which belonged to the decedent for purposes of distribution. A supplemental citation was thereupon issued and served upon all parties.

No opposition has been interposed to the application for authorization of the sale and it appears to be in the interest of all concerned. The question has, however, been raised as to the authority of the

court in this regard by reason of the fact that in September, 1937, Edward McKenna, and on March 25, 1938, William McKenna, both of them distributees, executed certain assignments of their interests in the estate. One of these expressly purported to convey all of the assignor's " right, title and interest, both real and personal in the estate."

The authority of surrogates to direct the sale of real property is defined in article 13 of the Surrogate's Court Act. The first paragraph of section 233 accords a general authorization for sale pursuant to the provisions of the article but it and the succeeding paragraph impose three express limitations upon its exercise. Two of these are absolute; one is limited. In the former category are the exceptions that such sale is not permissible (a) " where it [the real estate in question] is exempt *by law* from levy and sale by virtue of an execution," or (b) " where it can be disposed of under a valid power contained in a will for the purpose for which the same might be disposed of under this article."

In addition to these two situations, the second paragraph of the section imposes an additional condition upon the general authority accorded in the first. This is to the effect that " no such property, * * * shall be * * * sold under an order in Surrogate's Court *to satisfy any claim, debt or demand,* unless the proceeding therefor, or the proceeding in which such relief is asked, shall have been commenced within eighteen months from the date when letters first issued to an executor or administrator, or unless the proceeding in which such relief is asked shall have been commenced by an executor or administrator during the pendency of a proceeding for the judicial settlement of his accounts and in such case only in case the real property * * * sought to be disposed of has not been aliened or incumbered by the distributees or by the devisees of a decedent prior to the institution of such proceeding." (Italics not in original.)

An analysis of the language of this second paragraph renders it obvious that sale of real property for the purpose therein expressly contemplated is permissible in the Surrogate's Court either, *first,* when the proceeding for such sale, or a proceeding in which such sale is sought, is instituted within eighteen months from the date of letters, or *second,* when the sale is sought in the course of an accounting proceeding instituted subsequent to the expiration of the eighteen months' period after grant of letters and the property sought to be sold has not been aliened or incumbered by the distributee or devisee.

The question of alienation or incumbrance is of importance only in the second situation, since under the express language of the section, sale is permissible irrespective of that fact if the proceeding

for the sale, or one in which sale is sought as incidental relief, was instituted prior to the expiration of eighteen months from letters. It follows, therefore, that even though the incidental relief of sale is sought in an accounting proceeding more than eighteen months after the date of letters, this fact is immaterial if the accounting itself was instituted prior to the expiration of such period. (*Matter of O'Donnell*, 208 App. Div. 374, 384; revd., on other grounds, 240 N. Y. 99; *Matter of Springer*, 140 Misc. 57, 58, 59.)

The theory underlying this rule is that a statutory lien for debts, of which all alienees have notice, is impressed upon the real estate of a decedent for a period of eighteen months after the issuance of letters (*Platt* v. *Platt*, 105 N. Y. 488, 497; *Eiffert* v. *Hummel*, 140 Misc. 323, 326; *Matter of Finlayson*, Id. 140, 142; *Matter of Rosenblatt*, 167 id. 258, 260; *Hall* v. *Partridge*, 10 How. Pr. 188, 191; *Matthews* v. *Matthews*, 1 Edw. Ch. 565, 571), which lien is extended by the institution of a proceeding, prior to the expiration of that period, in which the lien is capable of enforcement.

The second situation noted is unnecessary of present discussion since it is not here involved and was recently exhaustively reviewed in *Matter of Cuniff* (272 N. Y. 89), which determined that sale for the payment of debts was permissible as incidental relief in an accounting proceeding in the Surrogate's Court, even if such accounting was not instituted until after the expiration of the eighteen months' period, of course, subject to the express statutory limitation that the real estate in question had not been aliened or incumbered by the devisee or distributee prior to the institution of the accounting proceeding.

Were the purpose of the sale in the present application to supply funds for the purpose of paying debts, it is obvious that this court would possess jurisdiction to authorize the sale since it would fall within the description of the first situation envisaged in the second paragraph of section 233.

A compulsory accounting proceeding was instituted on May 31, 1938, which was less than thirteen months after the issuance of letters, and the voluntary proceeding, which is properly no more than a continuance of the compulsory one, on August 10, 1938, which was one day less than fifteen months after the date of letters. Both were, therefore, instituted prior to the expiration of the eighteen months from letters. The rights acquired by the assignees under the previous assignments were, therefore, subordinated to the authority of the court to sell the property. Since the application for such action has been made in such pending proceeding, it is clear that it would be permissible under the terms of the statute even if the limitations imposed by the second paragraph of section 233 were applicable.

As a matter of fact, however, since the purpose of sale is for distribution and not for the payment of debts, the conditional limitations imposed by the second paragraph of section 233 on the general authority accorded in the first paragraph are not here applicable.

It will be noted from the words which were italicized in the quotation of the second paragraph of this section that the several limitations therein included upon the authority of the court to direct a sale apply only where its purpose is " to satisfy any claim, debt or demand." Here the purpose is to liquidate for purposes of distribution, hence the general authority for sale exists unconditioned by any time limits or other considerations contemplated in the second paragraph. (*Brennan* v. *Adler,* 190 App. Div. 589, 592; *Matter of Goetzmann,* 96 Misc. 377, 380; *Matter of D'Andrea,* 118 id. 541, 543.)

It follows that this court possesses unquestionable jurisdiction to authorize the sale here sought, and since no objection has been interposed to its consummation and it appears to be for the benefit of the estate, the prayer of the petition in this regard will be granted and the petitioners will be directed to consummate the sale which they tentatively arranged.

Enter order on notice in conformity herewith.