Orrin G. Judd, S.
In this construction proceeding the administrators c.t.a. seek a judicial determination that they are authorized to sell the real properties of which testator died seized and possessed. Testator died on June 5, 1955; his will dated January 10, 1949 was admitted to probate in this court on September 6, 1955. Testator left him surviving nine daughters and three sons. At the time of making his will, two of testator’s daughters, Lillian and Josephine, were unmarried. Lillian has since married.
Under paragraphs “ fourth ” and “ fifth ” of his will, testator directed that as long as his two aforesaid daughters *620 were nnmarried, the testator’s real properties known as 2740 East 12th Street and 2744 East 12th Street, Brooklyn, New York, were not to be sold and that the daughters were to live therein “without paying any rent whatsoever.” Under paragraph “ eighth ”, both properties were to be distributed upon the marriage or death of the two named daughters. Under paragraph “ ninth ”, the testator authorized the executor to sell the real or personal property for ‘ ‘ the more convenient distribution” of his estate, “or for any other reason” that the executor “in the exercise of his discretion may deem proper.”
It is alleged that the real properties do not produce any appreciable income for distribution and that all of testator’s legatees, including testator’s only unmarried daughter, desire that the real properties be sold and the net proceeds distributed in accordance with the will.
The intention of the testator must be gathered from the will as a whole (Matter of Evans, 234 N. Y. 42, 45; Matter of Schliemann, 259 N. Y. 497, 503). Although a literal reading of paragraph ‘1 xouB.TH ’ ’ of the will appears to restrain the sale of the real properties while testator’s daughters are both unmarried, that paragraph is qualified by subsequent provisions of the will which are relevant in shedding light upon testator’s intentions (Matter of Randall, 77 Misc. 41, 43, affd. 158 App. Div. 931, affd. 211 N. Y. 547). An interpretation which stops at the letter of a particular clause may miss the spirit of the whole document (Riker v. Cornwell, 113 N. Y. 115, 125; Matter of Fabbri, 2 N Y 2d 236, 240). Paragraph “ fifth ” of the will indicates that testator’s purpose in restraining the sale of the realty was to provide a place of residence for his unmarried daughters rent free. The will made specific provision for various alternative situations, but it omitted any express provision for the actual present situation, where the unmarried daughter who was privileged to live in one of the houses rent free has decided not to live there any longer. This is one of the ‘ ‘ situations where common sense and justice require that the courts correct situations resulting from obvious error of omissions in wills.” (Matter of Englis, 2 N Y 2d 395, 402; Matter of Field, 42 Misc 2d 1010, 1013.)
In view of said daughter’s unwillingness to continue to occupy the premises, the restraint against the sale of the real properties no longer serves any useful purpose. Under such circumstances, it is fair to assume that the testator intended that the executor might exercise the general power of sale conferred under paragraph “ninth” of the will. In the light of the *621 purpose for which the restraint against sale of the real properties was intended, and the framework of the will, the court determines that the provisions of the will do not restrain the sale thereof if testator’s unmarried daughter does not desire to reside in the premises.
The administrators c. t. a. may therefore sell testator’s real properties, at either public or private sale at the best price and terms available, for the purpose of making distribution in accordance with the terms of the will (Matter of McKenna, 171 Misc. 273; Matter of Martini, 81 N. Y. S. 2d 562).